UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLASS ACTION MASTER
FILE NO. 1:07-md-1790-JLT

IN RE VOLKSWAGEN and AUDI
WARRANTY EXTENSION LITIGATION

MEMORANDUM AND ORDER ON
MOTION FOR PROTECTIVE ORDER

This matter comes before the Special Master on the Motion for a Protective Order Pursuant to Rule 26(c)(1), Fed. R. Civ. P., Paper #108, filed by the defendants. At issue is an array of about 200 documents[1] produced by the defendants to the plaintiffs in redacted form. The defendants assert that they seek "to protect the redaction of absolutely irrelevant material from portions of approximately 200 documents out of the total of 118,000 pages of material produced by [them] in this case." The plaintiffs oppose the motion.

The parties agreed to submit the motion to the Special Master on the papers and the defendants also asked the Special Master to conduct an *in camera* review of copies of the documents provided with the redactions highlighted in grey.

The *in camera* review has been completed, the applicable law has been considered and an Order issued as set forth below.

The *in camera* review.

The Special Master examined each piece of paper provided by counsel for the defendants. There were two packets containing documents bearing Bates Stamp numbers AUDAG0010525

---

[1] Both the precise number of documents and the number of pages contained therein are uncertain. The documents appear to be about 200 and the cumulative pages exceed 1,200.

through AUDAG0024808 and VOLAG0001810 through VOLAG0008929.[2]

The Special Master also was provided with a copy of an Exhibit A attached to the Declaration of Daniel V. Gsovski, defendants' counsel, Paper #110, which listed by Bates Stamp number the particular documents in issue.

The Special Master observed that:

1. Not all of the documents listed on Exhibit A were included in the packet received. Missing were the following: AUDAG0010583, AUDAG0010602, AUDAG0016118, AUDAG0024825, VOLAG0001814, VOLAG0001816, VOLAG0001818, VOLAG0007148, VOLAG0007964 and VOLAG0007972.

2. Documents AUDAG0021715 and AUDAG0021716 also were not found, but in the packet were documents AUDAG0010715 and AUDAG0010716 which may have been misnumbered.

3. Additionally, there were two non-identical pages of documents bearing the following identical Bates numbers: VOLAG0001831, VOLAG0001832, VOLAG0001833, VOLAG0001835, VOLAG0001836, VOLA0001837 and VOLAG0008734.

4. Among the document examined, there were a few, of multiple pages, that had little or nothing on them except the word "English" on otherwise blank pages, often with a designation of "Confidential." In those groupings were: AUDAG0010693-10732, AUDAG0011665-11685, AUDAG0011686-11704, AUDAG0013852-13917 and VOLAG00019489-19544.

All of the remaining documents bore a "Confidential" designation thus including them

---

[2] The respective Bates numbers did not include all documents that would be so marked from beginning to end, but rather contained only those documents involved in the particular *in camera* review.

within the coverage and protection of the Stipulation and Order Re Confidentiality of Documents, jointly filed and ordered by the Court as Paper #59.

A review of those remaining documents revealed that most, but not all (see VOLAG0008769, VOLAG0008770, VOLAG0008771 and VOLAG 0008772, each relating to "Oil-Sludging 1.8T MJO1-03"), did not specifically refer in any identifiable way to oil sludge or coking in class engines which forms the basis for this action. Rather, they involved the defendants' response and actions with regard to a wide array of automotive complaints and concerns, often substantially removed from lubricating oil in their engines. Included were discussions of the relationship of those issues to certain J.D. Power studies and ratings, issues relating to approaches taken in different world-wide geographic areas, cost issues, amounts spent on various corrective efforts, the kinds of complaints received including explanations and discussions about them, the defendants' standings and rankings among their competitors in the automobile industry, and summaries of reports of a similar nature.

It was of significance to this Special Master that nothing in the redacted portions of any of the documents examined was designated as privileged in any way, protected by any work-product doctrine, or said to be trade secrets or the like.

Discussion.

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. Rule 26(b)(1).

"Since decisions as to relevance to the subject matter of the action are made for discovery

purposes well in advance of trial, a flexible treatment of relevance is required. . . ." Advisory Committee Notes to Rule 26, 1970 Amendment.

It requires no detailed case citation to understand that discovery is generally broadly permitted except where it treads on privileged matters. Here, however, nothing in the documents reviewed is said to invoke any privilege of any kind. Indeed, there is not even a suggestion that the information redacted is entitled to protection because it contains trade secrets or confidential information. Certainly customer or user complaints about automobiles already sold, in great numbers, in national and worldwide markets, cannot claim some cloak of privilege or confidential status. And even if the latter did come into play the kind of protection that regularly is awarded is a confidentiality and non-disclosure order. Just such an order was entered into in this case by the parties and ordered by the Court on October 24, 2007. See Paper #59. By that Order, among other things, it is provided that:

> "Confidential Information" may be disclosed only to "Qualified Persons" . . . and used only in connection with this Action and any appeals of this action, and for no other purpose. Any other use or disclosure of such documents, materials or information is in direct violation of this Stipulation and Order.

Stipulation and Order Re Confidentiality of Documents, ¶3.

In their supporting Memorandum the defendants reveal the true heart of their concern. They argue that they should not be compelled to expose issues to adversaries "whose livelihood places them on constant alert for their next entrepreneurial opportunity." This attack is not aimed at the plaintiffs, but rather targets their counsel. The defendants apparently are worried that the plaintiffs' attorneys in this case – parties to the Stipulation and Confidentiality Order of the Court – in some way, themselves or through them to others, will breach their obligations by using

discovery for purposes unrelated to this lawsuit. The defendants cite to 6-26 *Moore's Federal Practice* – Civil §26.101 and *Seattle Times Co. v. Rhinehard*, 476 U.S. 20, 34-35 (1994).

This Special Master views the attorneys in this case with a great deal more respect and with a belief that all counsel will abide fully and completely by their respective obligations under the law as applied in this District and under the particular confidentiality stipulation that they executed. The widespread practice of stipulating to confidential treatment of discovery is, as it was here, regulary approved by trial courts all across the country. *See, e.g., Flynn v. Goldman, Sachs & Co.*, 1991 WL 238186 *2 (S.D.N.Y., Nov. 1, 1991.). No violation of the Order in this case is expected, anticipated or will be assumed and, therefore, no additional protection will be granted.

Further, the Special Master observes that the defendants, through their counsel, performed their redactions before seeking either agreement from the other side or approval by the Court.[3] The unilateral redaction of documents by a producing party is strongly discouraged. *See, e.g., Medtronic Sofamor Danek, Inc. v. Sofamor Danek Holdings, Inc.*, 2002 WL 33003691 (W.D. Tenn., Jan. 30, 2002). *See also, Williams v. Sprint United Management Co.*, 2007 WL 634735 (D. Kan., Feb. 27, 2007).

"[I]f material is really irrelevant, it will be inadmissible at trial and little harm can flow from discovery except the expense of production, which can be shifted to the discovering party upon motion in appropriate circumstances." *Flynn v. Goldman, Sachs & Co., supra*, 1991 WL 238186 at *2.

---

[3] At the time the redacted materials were produced, and even later at the time the defendants' motion for a protective order was filed, this Special Master had not yet been appointed. Indeed, his appointment was part of the relief sought in the motion itself.

5

It is far from obvious that information about how Audi or VW handles complaints, addresses its responses to J.D. Power reviews, deals with issues of automotive performance from different countries wherein its products are sold, worries about its standing with regard to its competitors, makes economic decisions in dealing with problems discovered in its vehicles, and the other items in the redacted documents is wholly irrelevant to what is at stake in this case or, at least, could not lead to relevant evidence.

### ORDER

For the foregoing reasons:

(1) the defendants' Motion for a Protective Order Pursuant to Rule 26(c)(1), Fed. R. Civ. P., is DENIED;

(2) the defendants are ORDERED to promptly produce the documents in issue in un-redacted form; and

(3) the defendants shall bear the entire costs of the Special Master in conducting the *in camera* examination and in preparing and issuing this Order,[4] and shall pay to the plaintiffs' the reasonable fees of their counsel in responding to the defendants' motion.

_____
Allan van Gestel,
Special Master

DATED: November 25, 2008

---

[4] Such costs shall appear separately on the Monthly billing of the Special Master for the month of November, 2008. As for the plaintiffs' counsel fees in responding to the defendants' motion, if the parties are unable to agree thereon, the Special Master shall decide the issue on and affidavit/ memorandum presentation by the plaintiffs, with a similar response thereto ten days later by the defendants. There will be no oral argument on these issues.

## PROOF OF SERVICE BY EMAIL & U.S. MAIL

Re: In re: Volkswagen and Audi Warranty Extension Litigation
Reference No. 1400011656

I, Lisa Powell, not a party to the within action, hereby declare that on November 25, 2008 I served the attached Memorandum & Order on Motion for Protective Order on the parties in the within action by Email and by depositing true copies thereof enclosed in sealed envelopes with postage thereon fully prepaid, in the United States Mail, at Boston, MASSACHUSETTS, addressed as follows:

David A. Barry Esq.
Sugarman, Rogers, Barshak & Cohen P.C.
101 Merrimac St.
9th Fl.
Boston, MA 02114
Tel: 617-227-3030
Email: barry@srbc.com

Kirk D. Tresemer Esq.
Irwin & Boesen
501 S. Cherry Street
Suite 500
Denver, CO 80222-1327
Tel: 303-320-1911
Email: ktresemer@irwin-boesen.com

Jonathan H Waller Esq
Waller L/O
2140 11th Avenue South
Suite 222
Birmingham, AL 35205
Tel: 205-933-5421
Email: jwaller@waller-law.com

Thomas G. Shapiro Esq.
Shapiro, Haber & Urmy LLP
53 State St.
37th Floor
Boston, MA 02109
Tel: 617-439-3939

Peter J. McNulty Esq.
McNulty Law Firm
827 Moraga Dr.
Los Angeles, CA 90049
Tel: 310-471-2707
Email: peter@mcnultylaw.com
Fax: 310-472-7014

Russell D Henkin Esq.
Berger & Montague, P.C.
1622 Locust St.
Philadelphia, PA 19103
Tel: 215-875-4637
Email: rhenkin@bm.net
Fax: 215-875-4604

Randal R. Kelly Esq.
Irwin & Boesen
501 S. Cherry Street
Suite 500
Denver, CO 80222-1327
Tel: 303-320-1911
Email: rkelly@irwin-boesen.com
Fax: 303-320-1911

Thomas P Sobran Esq.
L/O Thomas P. Sobran
7 Evergreen Lane
Hingham, MA 02043
Tel: 617-723-3899
Email: tsobran@comcast.net

Email: tshapiro@shulaw.com

Daniel V. Gsovski Esq.
Herzfeld & Rubin
40 Wall St.
New York, NY 10005
Tel: 212-471-8500
Email: dgsovski@herzfeld-rubin.com

Michael B. Gallub Esq.
Herzfeld & Rubin
40 Wall Street
New York, NY 10005
Tel: 212-471-8536
Email: mgallub@herzfeld-rubin.com

Fax: 617-723-5366

Jeffrey Chase Esq.
Herzfeld & Rubin
40 Wall St.
New York, NY 10005
Tel: 212-471-8500
Email: jchase@herzfeld-rubin.com
Fax: 212-344-3333

I declare under penalty of perjury the foregoing to be true and correct. Executed at Boston, MASSACHUSETTS on November 25, 2008.

Lisa Powell
lpowell@jamsadr.com