UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLASS ACTION MASTER
FILE NO. 1:07-md-1790-JLT
(Relating to All Cases)

IN RE VOLKSWAGEN and AUDI
WARRANTY EXTENSION LITIGATION

FINDINGS OF FACT, CONCLUSIONS OF LAW AND RECOMMENDATIONS
OF THE SPECIAL MASTER RELATING TO THE CONDITIONAL APPROVAL
OF CLASS SETTLEMENT, DIRECT NOTICE TO THE SETTLEMENT CLASS
AND TO SCHEDULE A FINAL FAIRNESS HEARING

This matter came before the Special Master on a September 13, 2010, "Motion for

Conditional Approval of Proposed Settlement, Certification of a Class for Settlement Purposes,

Appointment of Class Counsel, Approval of the Form and Manner of Class Notice and Directing

Class Notice to be Mailed, Scheduling a Date for Filing of Plaintiff/Class Counsels' Petition for

Fees and Costs at Least Thirty (30) Days Before the Date of the Final Fairness Hearing and

Scheduling a Date for the Final Fairness Hearing," all pursuant to Fed. R. Civ. P. 23(e) (the

"Motion").

The Special Master, pursuant to the Court's prior Order of Reference dated October 23,

2008, (Doc. #129), and after review of the Motion, Plaintiffs' Brief in Support of the Motion,

Plaintiffs' Counsels' Certification, Defendants' Counsel's Declaration, the subject Settlement

Agreement and each of its Exhibits, conducted a pre-conditional approval hearing with counsel

on September 14, 2010, considered all of the submissions related to the Motion, and is otherwise

fully advised of the issues. Thus, for the reasons set forth herein the Special Master

recommends: that the proposed settlement between and among the Parties be conditionally

approved; that certification of a class, for settlement purposes only, be conditionally approved;

that Peter J. McNulty of the McNulty Law Firm, Kirk D. Tresemer of Irwin & Boesen, P.C., and

Russell D. Henkin of Berger & Montague, P.C., be appointed Class Counsel; and that the

proposed form, manner and mailing of notice be approved.

It is further recommended that:  Notice to Class Members be mailed on or before

**December 20, 2010**; pursuant to the Court's Order of Reference dated October 23, 2008, the

Special Master shall conduct a hearing on Class Counsels' Motion for Attorneys' Fees and Costs

on **February 11, 2011**, at **9:30 a.m.**; the Special Master's Findings, Conclusions and

Recommendations concerning Class Counsels' Motion for Attorneys' Fees and Costs be

submitted to the Court on or before **February 18, 2011**; and the Final Fairness Hearing be

scheduled for **March 11, 2011**, at **10:00 a.m.** in **Courtroom 22.**

## I. Conditional Approval of Settlement Agreement

The terms and conditions of the Agreement of Settlement, dated September 2, 2010,

including all Exhibits thereto (the "Agreement"), should be conditionally approved subject to

further consideration at the Final Approval Hearing scheduled for March 11, 2011.  Unless

otherwise provided herein, the terms defined in the Agreement shall have the same meanings

herein.

The Special Master finds that the class settlement specified in the Agreement (the "Class

Settlement") is sufficiently within the range of reasonableness so that the Notice of the Class

Settlement should be given as provided in Section III below and in Section VI. B of the

Agreement.

In making these determinations, the Special Master has considered the current posture of

this litigation and the risks and benefits to the Parties involved in both settlement of these claims

2

and continuation of the litigation, and that the Agreement was entered into only after extensive

arm's-length negotiation by experienced counsel.  The Class Settlement is not the result of

collusion, but rather is reasonable in light of the claims alleged by the Plaintiffs and the litigation

risks of the Plaintiffs and the Defendants.

II. The Class, Representatives, and Class Counsel

A.      The Settlement Class

This Settlement Class consists of all current and former owners and lessees of model year

1997-2004 Audi A4 vehicles or model year 1998-2004 Volkswagen Passat vehicles equipped

with the 1.8 liter turbo engine imported or distributed for sale or lease in the United States by

Volswagen Group of America ("VWGoA") (collectively the "Settlement Class Vehicles").

Settlement Class Vehicles include a total of 479,768 vehicles imported or distributed for sale or

lease in the United States by VWGoA; Settlement Class Vehicles, however, do not include

vehicles for which motor oil meeting VW specification 502 00 was required as part of scheduled

maintenance (2004 model year Audi A4 vehicles with VIN numbers of or about WAULC

68E44A152304 and 2004 model year Audi A4 Cabriolet vehicles with VIN numbers of or above

WAUAC48H04K014467).  Excluded from the Settlement Class are (a) all federal court judges

who have presided over this case and their spouses, (b) all persons and entities who elect to

exclude themselves from the Settlement Class, and (d) Defendants' current employees, officers,

directors, agents and representatives.

B.      The Requirements of Rule 23(a) Have Been Met for Purposes of Conditional Approval

1. *Numerosity*:  Numerosity requires that the class include so many members that joinder

would be impracticble.  Rule 23(a)(1).  Courts have generally found groups of more than fifty to

3

satisfy the numerosity requirement. *Houlton* v. *Rothschild, Unterberg, Towbin*, 118 F.R.D. 280,

282 (D. Mass. 1987). "[D]istrict courts may draw reasonable inferences from the facts presented

to find the requisite numerosity." *McCuin* v. *Secretary of Health and Human Services*, 817 F.2d

161, 167 (1ˢᵗ Cir. 1987).

    In this case the proposed Settlement Class consists of current and former owners or

lessees of 479,768 vehicles. A class of that size easily satisfies the numerosity requirement. *See,*

*e.g., M. Berenson Co., Inc.* v. *Faneuil Hall Marketplace, Inc.*, 100 F.R.D. 468, 470 (D. Mass.

1984).

    2. *Commonality*: Generally, the commonality requirement is met where at least one

common question of law or fact exists. *In re Pharmaceutical Indus. Average Wholesale Price*

*Litig.*, 230 F.R.D. 61, 78 (D. Mass. 2005). Here questions of fact are whether the 1.8 liter turbo

engines in the 479,768 Settlement Class vehicles are prone to the formation of oil sludge or

coking deposits when maintained according to the recommended maintenance intervals and oil

quality specifications.[1]

    "The commonality requirement will be satisfied if the named plaintiffs share at least one

question of fact or law with the grievances of the prospective class." *Stewart* v. *Abraham*,

275 F.3d 220, 227 (3d cir. 2001). Class members do not have to share identical claims. *See, In*

*re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 310 (3d Cir. 1998).

    3. *Typicality*: In order to satisfy the typicality requirement of rule 23(a)(3), the claims or

defenses of the representative parties must be typical of the claims or defenses of the class. *See,*

*Georgine* v. *Amchem Prods., Inc.*, 83 F3d 610, 631 (3e Cir. 1996). Typicality seeks to insure that

---

[1] The Defendants have denied all such allegations.

there are no conflicts between the class representatives' claims and the claims of the class members and that the "named plaintiffs have incentives that align with those of the absent class members." *Baby Neal* v. *Casey*, 43 F.3d 48, 57 (3d Cir. 1994).

The claims of the Settlement Class Representatives arising from the sludge and coking problems of their vehicles are typical of the problems which Plaintiffs allege were and may be experienced by owners and lessees of other Settlement Class Vehicles. Each Plaintiff claims that his or her vehicle was damaged or will suffer future damages as a result of the alleged sludge and coking problems.

In the present action, Plaintiffs' claims allegedly arise out of the same alleged course of conduct and are based on the same legal theories as those of the absent Settlement Class Members. The Second Amended Complaint alleges that the Plaintiffs and Settlement Class Members sustained the same or similar types of damages. Accordingly, Plaintiffs' interest are "typical" of the Settlement Class and satisfy Rule 23(a)(3).

4. *Adequacy*: "The [adequacy requirement] has two parts. The moving party must show first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced, and able to vigorously conduct the proposed litigation." *Andrews* v. *Bechtel Power Co.*, 780 F.2d 124, 130 (1st cir. 1985). Plaintiffs meet both prongs.

Here, Plaintiffs have demonstrated through their efforts on behalf of the Settlement Class that they share the Settlement Class's interest in obtaining redress with respect to the claims asserted in this action. Thus, the Plaintiffs have the same interest as the Settlement Class. *See, In re Remeron End-Payor Antitrust Litig.*, No. CIV 02-2007 FSH, No. CIV 04-5126 FSH, 2005

WL 2230314, at *9 (D.N.J. Sept. 13, 2005).

The Special Master finds that Co-Lead Counsel are "qualified [and] experienced and . . . ablt to conduct the . . . litigation[.]" *McCoy* v. *Health Net, Inc.*, 569 F. Supp. 2d 448, 457 (D.N.J. 2008). Co-Lead counsel, in consultation with the Plaintiffs, have worked diligently and vigorously to pursue the Settlement Class's claims, as well as to negotiate and obtain the settlement proposed herein. The proposed settlement was the product of extensive, arm's-length negotiations following extensive proceedings over a four-year period. Indeed, some of those proceedings were conducted in hearings before the Special Master. Accordingly, the Special Master finds that Co-Lead Counsel are qualified, experienced and able adequately to represent the Class.

C.      The Requirements of Rule 23(b)(3) Have Been Met for Purposes of Conditional Approval

The Settlement Class should be certified for settlement because, in addition to having satisfied the prerequisites of rule 23(a), the Class also satisfies those of Rule 23(b)(3): namely, (1) questions of law and fact common to the Class Members predominate over any questions affecting only individual members; and (2) the class action is superior to other methods for the fair and efficient adjudication of this matter. *Mowbray* v. *Waste Mgmt. Holdings, Inc.*, 189 F.R.D. 194, 196-97 (D. Mass. 1999), *aff'd*, 208 F.3d 288 (1st Cir. 2000); *In re Screws Antitrust Litig.*, 91 F.R.D. 52, 56 (D. Mass. 1981).

1. *Predominance Requirement*: In determining whether common questions of law or fact predominate, the Court should determine if the various claims of the Plaintiffs are sufficiently cohesive to justify treating them all in one, single judicial forum. *See, Amchem Prods., Inc.* v. *Windsor*, 521 U.S. 591, 625 (1977). The rule 23(b)(3) predominance inquiry is

6

satisfied "unless it is clear that individual issues will overwhelm the common questions and render the class action valueless." *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 517 (S.D.N.Y. 1996).

The Settlement Class is appropriate in this case as every Settlement Class Vehicle was equipped with the 1.8 liter turbo engine. Individual issues in this case will not overwhelm the common questions of law or fact. Plaintiffs would present common evidence regarding the common question whether the 1.8 liter turbo engines are prone to the formation of oil sludge or coking deposits when maintained according to the recommended maintance intervals and oil quality specifications. The fact that individual Class Members' damages may vary or that individual Class Members may not recover does not defeat predominance. *See, e.g., In re Master Key Antitrust Litig.*, 528 F.2d 5, 12 & n.11 (2d cir. 1975).

2. *Superiority Requirement*: With respect to the superiority requirement, the Court should consider these factors: (a) the interest of members of the class in individually controlling prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action. Rule 23(b)(3). However, the U.S. Supreme Court has recognized that where a Court is "[c]onfronted with a request for settlement-only class certification, a [local] Court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620.

In view of the fact that the Court need not deal with intractable management problems

presented by trial, the large size of the Class, the complexity of the litigation, the cost of the

litigation, and similar issues, conditionally satisfy the superiority requirement. The interests of

Class Members in individually controlling the prosecution of separate claims are outweighed by

the efficiency of the class mechanism.

D.      Recommendations and Findings of the Special Master Regarding Rule 23(a) and Rule
        23(b)(d)

1. The Special Master recommends that the Court find that the proposed nationwide

Settlement Class conditionally meets all of the applicable requirements of Rule 23(a), including

numerosity, commonality, typicality, and adequacy of representation, and Rule 23(b)(3), including

predominance of common issues and superiority of the class action mechanism for purposes of

settlement, and hereby recommends that the Settlement Class be certified for settlement purposes

only.

2. The primary Class Representatives are: James Craig, Laura Cole-Breit, Scott Ryder,

Eric Emanuelson and Margaret Moreau, Matthew Leonetti and Stacy Leonetti, David and Carrie

Marks, Marie Montag and Carol Carter; and the secondary Class representatives are Judith

Yarkony, Megan Shero, Eugenia Diveroli and Ken Winokur. Based upon the Special Master's

familiarity with the claims and Parties, the Special Master finds that these designated

Representatives are appropriate representatives for settlement purposes and recommends that they

be confirmed as such.

3. The Special Master further finds that the following attorneys and their firms fairly and

adequately have represented, and continue to represent, the interests of the Settlement Class and

recommends that they be confirmed as Co-Lead Class Counsel pursuant to Rule 23(g):

8

Peter J. McNulty, Esq.          Kirk D. Tresemer, Esq.          Russell D. Henkin, Esq.
McNulty Law Firm                Irwin & Boesen, P.C.            Berger & Montague, P.C.
827 Moraga Drive                4100 Mississippi Avenue         1622 Locust Street
Los Angeles, CA 90049           Denver, CO 80246                Philadelphia, PA 19103
Tel. No.: (301) 471-2707        Tel. No.: (303) 999-9999        Tel. No.: (215) 875-3000

4. The Special Master recommends that if the Settlement is not finally approved by the

Court, or if the Settlement is nullified pursuant to the terms of the Settlement Agreement, the

conditional certification of the settlement Class shall be void, and the Plaintiffs and Defendants

shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not

limited to the issues related to all claims, defenses and issues under Rule 23.

### III.  Notice to Settlement Class Members

A. Notice

The Special Master has considered the proposed publication attached as Exhibit 1 and the

mailed notices attached as Exhibits 9, 13, 17 and 21 to the Agreement, including the proposed

forms of notice, as well as the proposal for the Claim Forms, attached as Exhibits 10, 14, 18 and

22, and as filed on September 13, 2010, and the Special Master finds:  that the form, content, and

manner of notice proposed by the Parties and approved herein meet the requirements of due

process and rule 23(c) and (e); that the proposed notice is the best notice practicable under the

circumstances; that the proposed notice constitutes sufficient notice to all persons entitled to

notice; and that the proposed notice satisfies the Constitutional requirements of notice.  The

Special Master recommends the notices in all respects (including the proposed forms of notice,

and the claim forms) and recommends that notice be given in substantial conformity therewith.

The mailing of Notices attached as Exhibits 9, 13, 17 and 21 to the Agreement, as conformed in

accordance with the directives of the Court, shall be completed on or before **December 20, 2010,**

and the publication of the Notice attached as Exhibit 1 to the Agreement should occur on or

before **December 27, 2010**, in the First Section of the Edition of *USA Today*, and copies of the

final Notices shall be presented to the Court by January 10, 2011. All costs of disseminating the

notices shall be borne by the Defendants, in accordance with the Agreement.

B. Oil Sludge Settlement Administrator

    The Special Master hereby appoints Rust Consulting of Fairbault, Minnesota, as the Oil

Sludge Settlement Administrator (the "OSSA"). The responsibilities of the OSSA are and shall

be governed by the Agreement, including but not limited to the following: (a) mailing and

publication of Notice to the Settlement Class; (b) establishing a toll-free telephone number (to be

included in the Publication Notice for purposes of communicating with Settlement Class

Members); (c) establishing and maintaining a website for purposes of posting Notices, the Claim

Forms, the Agreement, and related documents; (d) accepting and maintaining documents from

Settlement Class Members, including Claims Forms, Requests for Exclusion, and other

documents relating to claims administration; and (e) fairly administering claims for the

Reimbursement Fund and other benefits to the Settlement Class.

### IV. Request for Exclusion from the Class (Opt-Outs)

    The Special Master recommends that Settlement Class Members who wish to be excluded

from the Settlement Class shall mail a written Request for Exclusion to the OSSA, in accordance

with the Agreement, so that it is postmarked no later than **February 3, 2011**, and shall clearly

state the following:   the name, address and telephone number of the individual or entity who

wishes to be excluded from the Settlement Class, and provides all such information as may be

required by the Agreement.

The Special Master recommends that a person who submits a valid Request for Exclusion shall not be bound by the Agreement, or the Final Approval Order and Judgment. Not later than **February 10, 2011**, the OSSA shall prepare and deliver to Class Counsel, who shall file it with the Court and defense counsel, a report stating the total number of persons who have submitted timely and valid Requests for Exclusion from the Settlement Class and the names of such persons. Such persons will not be entitled to receive any relief under this Settlement.

The Special Master recommends that any Settlement Class Member who does not propoerly and timely mail a Request for Exclusion as set forth above automatically shall be included in the Settlement Class and shall be bound by all the terms and provisions of the Agreement, the Class Settlement, and the Final Approval Order and Judgment, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

## V. Proofs of Claim

The Special Master recommends that to effectuate the Agreement and Class Settlement, the OSSA shall be responsible for the receipt of all Requests for Exclusion and Claim Forms. The OSSA Administrator shall preserve (on paper or transferred to electronic format) all Requests for Exclusion, Claim Forms, and any and all other written communications from Settlement Class Members in response to the Notices for a period of three (3) years after the Final Judicial Approval, or pursuant to further order of the Court. All written communications received by the OSSA Administrator from Settlement Class Members relating to the Agreement shall be available at all reasonable times for inspection and copying by Class Counsel and defense counsel,

11

including prior to payments being mailed to each Settlement Class member.

## VI. Confidentiality

The Special Master recommends that any information received by the OSSA in connection with the Class Settlement that pertains to a particular Settlement Class Member or Settlement Class Vehicle, or information submitted in conjunction with a Request for Exclusion (other than the identity of the person or entity requesting exclusion), shall not be disclosed to any person or entity other than Class Counsel, defense counsel and the Court, or as otherwise provided in the Agreement.

## VII. Final Approval Hearing/Objection to Settlement

The Special Master recommends that a hearing on final settlement approval (the "Final Fairness Hearing") be held on **March 11, 2011** at **10:00 a.m.** before the Court, at the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, One Courthouse Way, Suite 2300, Courtroom 22, Boston, Massachusetts 02210, to consider, *inter alia*, the following: (a) the adequacy of the Class Representatives and whether the Settlement Class should be finally certified; (b) the fairness, reasonableness and adequacy of the Class Settlement; (c) the dismissal with prejudice of the Action as to the Defendants; (d) whether Class Counsels' application for attorneys' fees, expenses and compensation for the Class Representatives (the "Fee Petition") should be granted; (e) whether to finally approve the Agreement; and (f) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Agreement and the Settlement Class should be deemed as a final judgment under Rule 54(b) with respect to all claims by Settlement Class Members against the Defendants.

12

The Special Master recommends that on or before **December 20, 2010**, Class Counsel shall file with the Court any memoranda or other materials in support of final approval of the Agreement and Class Settlement. The Special Master recommends that any opposition or objections to final approval shall be filed on or before **February 3, 2011.** The Special Master also recommends that any Response/Reply by Class Counsel or Defendants to any Objections to the Proposed Settlement of Opt-Out claims be filed on or before **February 28, 2011.**

The Special Master recommends that on or before **December 20, 2010**, Class Counsel shall file with the Court their Petition for Attorneys' Fees and Costs. The Special Master recommends that any Opposition to Class Counsels' Motion for Attorneys' Fees and Costs shall be filed on or before **January 24, 2011.** The Special Master also recommens that Class Counsels' Reply to any Opposition to Class Counsels' Motion for Attorneys' Fees and Costs shall be filed on or before **February 8, 2011.**

The Special Master recommends that any Settlement Class Member who has not filed a Request for Exclusion in the manner set forth above may appear at the Final Approval Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the Class Settlement, the dismissal with prejudice of the actions, the entry of final judgment, and/or the Fee Petition; provided, however, that no person shall be heard in opposition to the Class Settlement, dismissal and/or entry of final judgment or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below on or before **February 3, 2011.** Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that

13

indicates the basis for such person's opposition and any documentation in support of such

opposition on or before **February 3, 2011**, and (b) serve copies of such notice, statement, and

documentation, as well as any other papers or briefs that such person files with the Court, either in

person or by mail, upon all counsel listed below on or before **February 3, 2011.** Settlement Class

Members who object in the manner and by the dates provided herein shall be subject to the

jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the

dates provided herein shall be deemed to have waived and forever shall be foreclosed from raising

any such objections.

The Special Master recommends that the Parties who must be served with all

documentation described above are as follows:

Co-Counsel for the Class

| Peter J. McNulty, Esq. | Kirk D. Tresemer, Esq. | Russell D. Henkin, Esq. |
| McNulty Law Firm | Irwin & Boesen, P.C. | Berger & Montague, P.C. |
| 827 Moraga Drive | 4100 Mississippi Avenue | 1622 Locust Street |
| Los Angeles, CA 90049 | Denver, CO 80246 | Philadelphia, PA 19103 |
| Tel. No.: (301) 471-2707 | Tel. No.: (303) 999-9999 | Tel. No.: (215) 875-3000 |

Counsel for Defendants

Jeffrey L. Chase, Esq.
Daniel V. Gsovski, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004
Tel. No.: (212) 471-8512

The Special Master recommends that the date and time of the Final Approval Hearing

shall be set forth in the Publication Notice and the notice posted on the OSAA's website, but shall

be subject to adjournment by the Court without further notice to the Settlement Class Members

14

other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Agreement.

The Special Master recommends that all proceedings in this Action with respect to the Defendants are hereby stayed and suspended, pending the Final Approval of the Class Settlement ("Final Approval"), except such proceedings as are provided for in the Agreement, or which may be necessary to implement the terms of the Agreement, the Class Settlement, or this Order.

The Special Master recommends that any Settlement Class Member who hires an attorney at his or her own expense may appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed above by **February 3, 2011**, and file it with the Court on or before **February 3, 2011.**

The Special Master recommends that upon Final Approval, all Settlement Class Members who do not file a timely Request for Exclusion shall be deemed to have released, and hence will be barred from asserting, any of the matters, claims or causes of action released pursuant to the Agreement, including the Released Claims, and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Agreement.

## VIII. Other Provisions

The Special Master recommends that upon Final Approval, each and every term and provision of the Agreement shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

The Special Master recommends that in the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in

15

connection therewith shall be null and void, except insofar as expressly provided in the

Agreement, and without prejudice to the status quo ante rights of Plaintiffs and Defendants.

Respectfully submitted and recommended,

Hon. Allan van Gestel (Ret.)
Special Master assigned by the
Hon. Joseph L. Tauro, United States
District Judge

DATED:  September 22, 2010