

**AlaFile E-Notice**

01-CV-2010-900613.00

Judge: MICHAEL G GRAFFEO

To: BADDLEY THOMAS EDMUND JR
    tbaddley@baddleymauro.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

JACKSON & TUCKER PC ET AL v. JONATHAN H. WALLER ET AL
01-CV-2010-900613.00

The following matter was FILED on 9/7/2010 6:52:26 PM

Notice Date:    9/7/2010 6:52:26 PM

ANNE-MARIE ADAMS
**CIRCUIT COURT CLERK**
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
BIRMINGHAM, AL 35203

205-325-5355
anne-marie.adams@alacourt.gov

ELECTRONICALLY FILED
9/7/2010 6:52 PM
CV-2010-900613.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

IN THE CIRCUIT COURT OF JEFFERSON COUNTY
CIVIL DIVISION / BIRMINGHAM

| | |
|---|---|
| JACKSON & TUCKER, P. C., et. al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V.   ) | CV 10-900613-MGG |
| ) | |
| JONATHAN H. WALLER, et.al. ) | |
| ) | |
| Defendants, ) | |

## ORDER ON PENDING MOTIONS TO DISMISS

Pending before the Court are two separate MOTIONS TO DISMISS [hereinafter, *"the Motions"*], both filed August 6, 2010.  One was filed by Defendant JONATHAN H. WALLER [hereinafter, *"Waller"*], the other by Defendants PETER J. McNULTY and McNULTY LAW FIRM [hereinafter, *"the McNulty Defendants"*].  On June 1, 2010, Plaintiffs filed PLAINTFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS.  And, on June 3rd, Defendants filed their MOTION TO STRIKE copies of e/mails among the parties attached to Plaintiffs' OPPOSITION.  On June 4, 2010, the Motions were heard before the undersigned, with counsel for both parties present in open court.

This action stems from an Agreement Regarding the Division of Fees [hereinafter, *" the Agreement"*] entered into by five law firms, including the parties to the present action, regarding the filing and prosecution of four class action suits against Volkswagen which were filed in federal court in California, Pennsylvania, Illinois, and Florida. The Agreement addressed how the performance of legal services in the class action suits would be coordinated between the parties, and how any subsequently awarded attorneys' fees would be allotted to the parties.

 Subsequent to the filing of these initial actions, upon the Volkswagen Plaintiffs' Motion filed with the U. S. Judicial Panel on Multidistrict Litigation, theses actions [hereinafter, *"MDL Action"*] were consolidated and transferred to a federal court in Boston, Massachusetts, where they are still pending. Plaintiffs to the action pending before *this* Court, who are also parties to said Agreement, allege that these Defendants have refused to allow Plaintiffs to further participate in the prosecution of the federal MDL Action in breach of the Agreement and seek relief on those grounds.

Waller's Motion raises four issues for which he submits the Complaint should be dismissed, to-wit:

- No *bona* fide justiciable controversy exists between these parties;
- This Court lacks subject matter jurisdiction and primary jurisdiction;
- Lack of ripeness; and,
- The doctrine of *forum non conveniens.*

The McNulty's Motion raises two issues for which they submit the Complaint should be dismissed, to-wit:

- These Defendants are not subject to personal jurisdiction in Alabama; and,
- The doctrine of *forum non conveniens.*

**JUSTICIABLE CONTROVERSY**

Defendant Waller raises the issue of whether Plaintiff's Complaint, which seeks declaratory relief and alleges a breach of contract claim, raises a bona fide controversy able to withstand his Motion and is not merely an anticipated controversy. In considering whether a complaint is sufficient to withstand a motion to dismiss, the [Court] "must accept the allegations of the complaint as true." *Harper v. Brown, Stagner, Richardson*, 873 So.2d 220, 223 (Ala. 2003). When the allegations in the complaint are taken as true, "all that is required for a declaratory judgment action is a bona fide justiciable controversy." *Creola Land Development Inc., Bentbrooke Housing, LLC*, 828 So. 2d 285 (Ala. 2002) quoting *Gulf South Conference v. Boyd*, 369 So. 2d 553, 557 (Ala. 1979).

Defendant Waller points out that a motion to dismiss a complaint seeking declaratory relief serves to "determine whether the [complaint] states the substance of a bona fide controversy which should be settled." *Helms v. Barbour County*, 914 So. 2d 825, 829 (Ala. 2005). Plaintiff responds that a justiciable controversy exists where "legal rights are thwarted or affected [so as] to warrant proceedings." *Creola,* supra, at 285, quoting *Town of Warrior v. Blaylock*, 152 So. 2d 661, 662 (Ala. 1963). To be justiciable, "it must be a controversy which is definite and concrete, touching the legal relations of the parties in adverse legal interest, and it must be a real and substantial controversy admitting of specific relief." *Ex Parte Bridges*, 925 So. 2d 189, 191-92 (Ala. 2005). When a proper claim for declaratory relief is made, Alabama law provides that "courts of record, within their respective jurisdictions, shall have power to

declare rights, status, and other legal relations whether or not further relief is or could be claimed." ALA. CODE § 6-6-221 [1975].

Because Alabama law requires that the allegations in a Complaint must be taken as true in light of a motion to dismiss, this Court must consider whether the allegations in the Complaint raise a controversy when taken as truth. *Harper,* 873 So. 2d at 223. In the present case, Plaintiffs allege a breach of contract claim against the Defendants, specifically alleging that Defendants acted in contravention of the Agreement to jointly participate in the prosecution of a class action lawsuit. The Agreement states that *"a good faith effort shall be made to distribute such assignments evenly among the Participating Firms."* (Plaintiff's Exhibit A, the Agreement at ¶4). Plaintiffs' Complaint states that Defendants refused to allow Plaintiffs to participate in the litigation. (Plaintiffs' Complaint, ¶ 10.) At oral argument, Plaintiffs' counsel stresses that should an attorney's fee be realized for the MDL Action plaintiffs, the instant Plaintiffs will not be able to present evidence to the U. S. District Court of their work on behalf of the MDL Action plaintiffs because the instant Defendants have breached the Agreement.

Defendant Waller erroneously argues that no controversy exists because attorneys' fees have not yet been awarded, and thus the Plaintiffs' claims have not yet accrued. However, Defendant Waller fails to address that the Agreement also contains the aforementioned language regarding evenly distributed participation in the litigation that states that *"a good faith effort shall be made to distribute such assignments evenly among the Participating Firms."* (Plaintiff's Exhibit A, the Agreement at ¶4). The Agreement further states that "Participating Firms shall make a good faith effort to complete the work as assigned and keep the other Participating Firms… informed of developments and progress." (Plaintiffs' Exhibit 1, the "Agreement," ¶ 4). Again, taking the allegations in the Plaintiffs' Complaint as true, the Defendants' failure to communicate with Plaintiffs regarding the litigation is in violation of the agreement, and as such creates a bona fide controversy.

Because Plaintiff's have alleged that Defendants have already breached the Agreement by refusing to allow Plaintiffs to participate in the prosecution of the MDL Action, Plaintiffs' legal rights in participating MDL Action, pursuant to the Agreement, have been affected by the alleged breach regardless of whether attorneys' fees will be awarded or how they will be distributed. Under Alabama law, a justiciable controversy exists when "legal rights are …affected [so as] to warrant proceedings." *Creola* 828 So. 2d at 285 quoting *Town of Warrior v. Blaylock,* 152 So. 2d 661, 662 (Ala. 1963). Plaintiffs rights under the contract are affected

because of the denial to participate in the class action suit pursuant to the terms of the Agreement. Defendants' alleged breach is one that warrants proceedings in order to determine the rights and obligations of the parties under the Agreement. Because Plaintiffs' legal rights under the Agreement have been affected, taking the allegations in the Complaint as true pursuant to Alabama law, this Court **DETERMINES** that a bona fide justiciable controversy exists between Plaintiffs and Defendant Waller.

Additionally, Plaintiffs ask the Court for declaratory relief to *"determine the validity of the agreement and confirm the percentage of participation of which the plaintiffs are entitled, [and] enjoin the Defendants from any further breach or violation of the agreement."* (Plaintiffs' Complaint, ¶ 13). This is further evidence that a bona fide controversy exists between the parties. As stated above, when a proper claim for declaratory relief is made, Alabama law provides that "courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." ALA. CODE § 6-6-221 [1975]. Because Plaintiffs raise a bona fide justiciable controversy, the Court has the power to grant declaratory relief. Furthermore, under Alabama law, a bona fide controversy must also be capable of being afforded specific relief. *Ex Parte Bridges*, 925 So.2d at 191-92. In the present case, **specific relief** may be afforded Plaintiffs in the form of a **declaration** of the parties' rights and obligations under the Agreement.

Accordingly, as the instant action is one that may be afforded specific, declaratory relief, and further, as this Court has the power to grant such relief, Waller's Motion is due to be **DENIED** as to the stated ground that Plaintiffs' fail to raise a justiciable controversy.

**LACK OF RIPENESS**

Although raised by Waller as his "third" ground for dismissal, the Court addresses it next. Waller says this matter is simply not "ripe" because Plaintiffs have suffered no quantifiable damages, and therefore, Plaintiffs' breach of contract claim is due to be dismissed. Waller cites *Martin v. Battistella,* 9 So.3d 1235 (Ala.2008) in support of this argument.

The undersigned clearly understands that [as of this date] the award of attorneys' fees to the MDL Action plaintiffs' counsel is a possibility.[1] As such, the Court agrees with Defendant Waller that Plaintiffs' breach of contract claim is not ripe, at this time. This Court is asked only

---

[1] Perhaps, however, based on recent communications to the Court from all counsel, the award of such fees is moving closer to a "probability".

to determine and declare the rights of these parties under the Agreement.  This Court clearly understands that it cannot have any say or input into *whether* attorneys' fees are awarded in the MDL Action, as well that it cannot have any input into the *amount* of awarded attorneys' fees.  However, until each of the foregoing is answered by the U. S. District Court with jurisdiction over the MDL Action, Plaintiffs' Alabama breach of contract claim is not ripe.  Accordingly, this claim is **STAYED** and **HELD IN ABEYANCE** until further Order of this Court.

**JURISDICTION**

Both Waller and the McNulty Defendants raise jurisdictional issues as grounds for granting their respective Motion.

*A.     Subject Matter and Primary Jurisdiction*

Only Waller raises these grounds.  As authority for the first, Waller cites this Court to a decision from a U. S. District Court in Texas.  As authority for the second, Waller argues it is a "common law doctrine" used as a "discretionary tool" of courts.  This Court is not persuaded by either argument.

Plaintiff JACKSON & TUCKER, P.C. is an Alabama professional corporation and, Defendant JONATHAN H. WALLER is an Alabama citizen.  Theirs is a dispute arising out of the Agreement, executed, presumably, by each within the State of Alabama.  Having addressed Plaintiffs' breach of contract claim above, Plaintiffs' remaining claim is an Alabama Declaratory Judgment action that asks this Court to: *"determine the validity of the Agreement; confirm the percentage of participation of which the Plaintiffs are entitled; enjoin the Defendants from any further breach of violation of the Agreement; and, enjoin the Defendants from spending and/or disbursing any attorneys' fees awarded in the [MDL Action] referenced herein."*  [Complaint, ¶ 13.]  Each of the foregoing, as discussed above, rises to the level of a bona fide justiciable controversy and is properly before this Court.  Again, this Court agrees with Defendants that it cannot determine the amount of attorney's fees granted in the MDL; however, Plaintiffs do not ask for any such relief.  Rather, Plaintiffs ask this Court to simply proceed, under Alabama law, to address each of the elements delineated in ¶ 13 of the Complaint.

The Court notes that the Agreement was entered into by the five (5) participating law firms months before the MDL Action actually was created.  No party to the instant litigation disputes that all law firms executed the Agreement during the last week of March and first week of April, 2006, while the Order transferring the MDL Action to the U. S. District Court in

Massachusetts was not entered until August 29, 2006.  This instant action was filed February 24, 2010.  It is clear to the undersigned from the record before the Court that all Plaintiffs and all Defendants continuously operated under the Agreement from early April, 2006, to at least October, 2009.  (Complaint, ¶ 10)    Moreover, pursuant to ¶ 6 of the Agreement, each law firm's 20% interest in the *". . . first 30% of the contingency fees, if any, received . . ."* is <u>"presumptively earned upon execution of this Agreement."</u>

Accordingly, this Court **DETERMINES** that it has subject matter jurisdiction of Plaintiffs' claim for Declaratory Judgment relief.

### B.     *Personal Matter Jurisdiction*

The McNulty Defendants contend that they do not have sufficient contacts with Alabama to establish personal jurisdiction over them.  These Defendants correctly cite authority such as *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985), *Ex parte Dill, Dill, Carr, Stonebraker & Hutchings, P.C.,* 866 So.2d 519 (Ala.Civ.App.2007) and, *Vista Land & Equipment, LLC v. Computer Programs & Systems, Inc.,* 953 So.2d 1170 (Ala.2006) as controlling on this issue.  However, each of the foregoing expressly hold that a nonresident's entry into a contract with a resident, <u>*standing alone*</u> [emphasis provided], does not render the nonresident subject to personal jurisdiction in the resident's state.

Here, the phrase "standing alone" is determinative.  As discussed above, the McNulty Defendants were signatories to the Agreement and operated under it [taking the allegations of the Complaint as true] for over three years providing services to Plaintiff JACKSON & TUCKER, P.C., domiciled in Alabama.  Services were provided in that the Agreement clearly required the participating firms to do legal work that would inure to the benefit of all, including this Alabama Plaintiff.  Again, under the standards of review for a motion to dismiss, these Defendants appear to be substantially involved in an ongoing business relationship with Plaintiffs thereby purposefully availing themselves of the privilege of conducting business in Alabama.

Having determined that the McNulty Defendants had sufficient contacts with Alabama permitting this Court to exercise jurisdiction, the Court must further determine whether it is appropriate to exercise such jurisdiction without violating traditional notions of fair play and substantial justice.  The pleadings establish that the parties to this litigation have initiated law suits in California, Florida, Pennsylvania, and Illinois.  And, these cases are now consolidated with a similar case filed in New Jersey.  To cause these Defendants to now litigate Plaintiffs'

Declaratory Judgment action in Alabama does not, in the opinion of this Court, violate any "traditional"[2] notion of neither fair play nor substantial justice.

**FORUM NON CONVENIENS**

All Defendants move for dismissal under ALA. CODE § 6-5-430 [1975]. In this action the lead Plaintiff is a professional corporation domiciled in Alabama and the lead Defendant is an Alabama citizen residing in Alabama. The remaining parties have conducted an ongoing, substantial business relationship with the lead parties for over three years, from California to New Jersey. For this reason, as well as all of the foregoing in this Order, the Court is simply not persuaded that there is a more convenient forum under § 6-5-430 for this Declaratory Judgment action to be litigated.

**MOTION TO STRIKE**

Additionally, all Defendants move this Court to strike Exhibit A to Plaintiffs' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS. This exhibit contains copies of e/mails among these parties, the earliest of which is dated November 27, 2006, and the last of which is dated September 3, 2009. Defendants contend the e/mails are hearsay under Ala. R. Evid. 801 and 802, and are not properly authenticated under Ala. R. Evid. 901.

The authority cited by Defendants involves only exhibits submitted as part of a motion for summary judgment. This is not the present posture of this litigation. As stated above, before the Court at this time are only motions to dismiss, to be considered under a very liberal standard of review. Therefore, the MOTION TO STRIKE is due to be **DENIED** as the Court simply considers these e/mails to be within the *res gestae* of the matters giving rise to the Complaint, as well as offered to prove that statements made in e/mails exist, and not offered as truth of the matter asserted within such statements. See, *McElroy's Alabama Evidence,* § 272.01 (6th Ed.2009).

---

[2] Arguably, in this context of mass tort class actions filed throughout the United States, one has to wonder if "traditional" notions of fair play even exist.

## ORDER

Having considered the various grounds stated therein, as well as the oral argument of counsel, it is hereby **ORDERED** as follows:

1. Defendants' MOTION TO STRIKE is hereby **DENIED;**

2. Defendant Waller's MOTION TO DISMISS is **GRANTED** in part and **DENIED** in part; the Motion is **GRANTED** in part as to Plaintiffs' "breach of contract" claim, and, **DENIED** as to Plaintiffs' claim for Declaratory Judgment;

3. the MOTION TO DISMISS of the McNulty Defendants is **DENIED;** and,

4. as the Court takes notice of ¶ 13 of the Agreement requiring mediation and arbitration as to *". . .Any dispute relating to the interpretation or application of this Agreement . . ."*, as further referenced in ¶ 8 of the Agreement, the parties are **DIRECTED** to file, within seven (7) days of this Order, any notice regarding whether mediation has been pursued and/or any statement or argument as to whether or not this Court should enforce said ¶ 13. Thereafter, the Court will enter in due course such Orders as deemed necessary.

**DONE** and **ORDERED** on this the 7th day of September, 2010.

*S/Michael G. Graffeo*
**MICHAEL G. GRAFFEO**
**Circuit Judge**

cc:  All Counsel of Record