UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLASS ACTION MASTER
FILE NO. 1:07-md-1790-JLT
(Relating to All Cases)

IN RE VOLKSWAGEN and AUDI
WARRANTY EXTENSION LITIGATION

## MEMORANDUM AND ORDER REGARDING MOTION FOR ENTRY OF PROCEDURAL ORDER GOVERNING FEE ALLOWANCES AMONG CLASS COUNSEL *INTER SE*

This Memorandum and Order is issued by the Special Master, on direction by the Court, as consistent with the Special Master's October 23, 2008, appointment. It determines a certain "Motion for Entry of the Attached Procedural Order Governing Fee Allowances Among Class Counsel *Inter Se*." (Hereafter, the "Motion").[1] For the reasons stated below, the Motion is DENIED.

On December 22, 2010, the Special Master issued his Memorandum and Order Regarding Procedure on Fees and Costs Application. That Memorandum is clear and direct with regard to the process that will be followed. Indeed, the moving parties concede as much in their memorandum in support of the Motion. They say, on p. 2, ¶ 3:

> "On December 22, 2010, Special Master Allan van Gestel, perceiving the need for order in the Fee Allocation Process, entered a Memorandum and Order Regarding Procedure on Fees and Costs Application (Docket No. 178). This Order set out a schedule of events for resolution of individual attorney's compensation entitlements. *Schlachet, Ruschel and Sobran concur with Judge van Gestel's Order*, which calls for an Aggregate Fee Award to be recommended by the Special Master, ultimately allowed by the District Court, followed by [Class Counsels'] initial recommendations of individual fee allowances to plaintiffs' attorneys, followed by an opportunity to be heard by those who may disagree with [Class Counsels'] recommendations."

---

[1] The Motion is not dated, although there is a suggestion contained in the Certificate of Service thereon that it may have been submitted for docketing on December 23, 2010.

(Emphasis added.)

As noted in the Special Master's December 22, 2010, Memorandum and Order, at pp. 2-3, following the March 11, 2011, Fairness Hearing

> "once fees and costs are awarded, all appeals, if any, are resolved, and funds are available for distribution, Class Counsel, in their discretion, will determine appropriate amounts of compensation for each non-Class Counsel firm based on the latter's respective contributions to the litigation. Then -- not at any time before the final resolution of the Final Fairness Hearing and any appeals therefrom – each of the non-Class Counsel will have a right to a hearing and evaluation by the Special Master should any of those firms disagree with the amount of compensation allocated to them.
>
> "The foregoing process is consistent with that utilized in this District in *In re Indigo Securities Litigation*, 995 F. Supp. 233, 235 (D. Mass. 1998). See also *In Re: Copley Pharmaceutical, Inc. Securities Litigation*, Civil Action No. 94-11897-WGY (D. Mass., Feb 8, 1996)."

Neither the defendants and their counsel, nor the class, should be subjected to any process, or the costs and burdens thereof, not contemplated by the proposed settlement and the notice thereof already served upon the class. Nor should the schedule already long established be disrupted in any way.

IT IS SO ORDERED

_____
Hon. Allan van Gestel (Ret.)
Special Master assigned by the
Hon. Joseph L. Tauro, United States
District Judge

DATED: January 5, 2011