UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE VOLKSWAGEN AND AUDI
WARRANTY EXTENSION LITIGATION

MDL DOCKET NO. 1:07-md-01790-JLT

THIS DOCUMENT RELATES TO:

ALL CASES

**OBJECTION TO MEMORANDUM AND ORDER OF THE SPECIAL MASTER ENTERED JANUARY 5, 2011 (DKT. NO. 182) AND REQUEST FOR RECONSIDERATION**

Mark Schlachet, Brian Ruschel and Thomas P. Sobran (hereinafter "Objectors"), attorneys of record on behalf of class representatives Megan Shero, Eugenia Diveroli and Ken Winokur now, and with due respect, file their objection to the Memorandum and Order of Special Master van Gestel entered on January 5, 2011 (Docket No. 182), denying the Motion for a Procedural Order (Docket No. 179). The Motion for a Procedural Order was filed on December 23, 2010 and ruled upon on January 5, 2011. With deference to the Special Master, and fully cognizant of his efforts throughout this litigation, he has not apprehended the nature and gravity of the Motion for a Procedural Order, nor the potential consequences to Objectors should the distribution of fees - "down the line" - not be relegated to the dictates of due process now.

The First Circuit Court of Appeals addressed a similar lack of procedural safeguards to guide and control the matter of a District Court's allocation of fees and costs among plaintiffs' counsel in a MDL proceeding. In *In re Nineteen Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litigation,* 982 F.2d 603 (1st Cir. 1991) (hereinafter "*Hotel Fire Litigation*"), the Court of Appeals vacated the orders below due to the absence of procedural safeguards. The facts of the case, e.g. a Plaintiffs' Steering Committee that had worked with the Court for some time in a difficult case, were similar to those here. The First Circuit opined as follows:

> Let us be perfectly clear. We do not hold today that the Due Process Clause requires the district court to convene an evidentiary hearing for all attorneys' fee disputes. *See Weinberger v. Great N. Nekoosa Corp.,* 925 F.2d 518, 528 (1st Cir. 1991) (stating that hearings are not always obligatory in connection with fee awards). Nor do we hold that a district court must always take live testimony or afford adversarial discovery in such matters. We do rule, however, that, once Judge Acosta elected to convene a fee-determination hearing, the hearing format itself had to be fair. In other

> words, when a judge constructs a process for setting fees, the process must contain at least the procedural minima that the Due Process Clause requires; and, moreover, those procedures must apply in a fair and evenhanded manner to the parties in interest, without preferring one group of disputants over another.
> In this instance, we cannot see how the court could fairly adjudicate this dispute unless it afforded the IRPAs a viable means (comparable to the means afforded the PSC) of describing their contribution to the litigation, contrasting their contribution with the PSC's contribution, and questioning the PSC members regarding their work.

*Id.* at 614-615.

The Special Master sought to serve a valid objective in denying the Motion for a Procedural Order, namely, a minimization of the cost of these proceedings. However, and again with due respect, counsel sometimes do not allow matters to be resolved in the most economical fashion; and that is what has happened here with Lead Counsel.[1] In *Hotel Fire Litigation,* the First Circuit dismissed this argument as unavailing under the facts:

> We do not gainsay the substantial governmental interest in conserving scarce judicial resources. Particularly in mass disaster litigation, courts must run tight ships to ensure that litigation stays on course. We recognize that Judge Acosta imposed the restrictions about which appellants complain in a well-intentioned effort to keep the case velivolant. His renitency was understandable in light of the number of lawyers involved, the four-year life span of the litigation, and the Supreme Court's admonition that " [a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983). Nonetheless, the court was not faced with an all-or-nothing choice between allowing the IRPAs free rein and unfairly hobbling them.

*Id*. at 614.

The imposition of due process safeguards should take precedence over what is at most an ill-defined process that would conserve a speculative amount of net expense.

The Special Master also deemed the institution of suggested procedural safeguards as being in opposition to the notice served on the class and the schedule heretofore established.  Objectors neither intended nor are aware of any disruption of any schedule, nor of any provision in the class notice that would be displaced by the ordering of appropriate procedural safeguards *applicable solely* to the allocation of any aggregate award of compensation herein as among counsel *inter se*. It is precisely this uncertainty and inability to anticipate what procedures will be employed - and

---

[1] In the Motion itself Objectors discussed the structural conflicts and the harm to date from Lead Counsel's actions directly related to the fee and fee allocation process.

when, where and how - particularly where the special Master has a different understanding of applicable process than Objectors, which gives actionable concern.

The Motion for a Procedural Order seeks to establish transparent and fair guidelines for non Lead Counsel to be heard on and participate in the allocation of attorneys' fees "at a meaningful time and in a meaningful manner." *Hotel Fire Litigation* at 615. The Special Master's evident belief that non-lead counsel, with demonstrably genuine concerns, can defer their concerns until they have a complaint with Lead Counsel's allocation to them is contrary to the "comparable means" requirement of *Hotel Fire Litigation* quoted above.

## RELIEF REQUESTED

Since the imposition of a procedural order governing the allocation of attorneys' fees among plaintiffs' counsel would not in any way delay the receipt of settlement benefits by the class, nor dilute those settlement benefits, nor place a novel or undue burden on other parties in interest, the Objectors request that the District Judge entertain this Objection; and, upon doing so to establish a procedure whereby non lead counsel can be heard on the allocation of attorneys' fees "at a meaningful time and in a meaningful manner," as requested in the underlying Motion.

Respectfully submitted,

Megan Shero and the Ohio Class,
By their attorneys,

/s/ Mark Schlachet
Mark Schlachet (Ohio Bar. No. 0009881)
3637 South Green Road
Beachwood OH 44122
Telephone: (216) 896-0714
Facsimile: (216) 514-6406
E-mail: mschlachet@gmail.com

/s/ Brian Ruschel
Brian Ruschel (Ohio Bar No. 0046631)
925 Euclid Ave., Suite 660
Cleveland OH 44115-1405
Telephone: (216) 621-3370
Facsimile:  (216) 621-3371
E-mail: bruschel@aol.com

Eugenia Diveroli and Ken Winokur,
By their attorney, on behalf of
themselves and class members,

/s/*Thomas P. Sobran*
Thomas P. Sobran, P.C.
7 Evergreen Lane
Hingham, MA 02043
(781) 741-6075
BBO #471810
tsobran@sobranlaw.com

## REQUEST FOR ORAL ARGUMENT

In accordance with LR. 7.1(D), Schlachet, Ruschel and Sobran request to be heard on oral argument and estimate 20 minutes is sufficient for all counsel to be heard. Schlachet, Ruschel and Sobran further request that this objection be heard on February 14, 2010 following the fee hearing to be held before Special Master van Gestel (when all counsel will be in Boston) or at the Fairness Hearing in this matter currently scheduled, now set for March 11, 2011, or at such date as the Fairness Hearing is convened.

## CERTIFICATE OF SERVICE

I certify that a copy of the above document entitled Objection to the Special Master's Memorandum and Order (Docket No. 182) were docketed through the Electronic Case Filing system on January 5, 2011 to all identified participants on the Notice of Electronic Filing. Electronic copies were sent via e-mail on to all entities indicated as non-registered participants.

/s/ *Mark Schlachet*
Mark Schlachet