UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLASS ACTION MASTER
FILE NO. 1:07-md-1790-JLT
(Relating to All Cases)

IN RE VOLKSWAGEN and AUDI
WARRANTY EXTENSION LITIGATION

## MEMORANDUM AND ORDER REGARDING "OBJECTION TO MEMORANDUM AND ORDER OF THE SPECIAL MASTER ENTERED JANUARY 5, 2011 (DKT. NON. 182) AND REQUEST FOR RECONSIDERATION"

This Memorandum and Order is issued by the Special Master, on direction of the Court. It responds to a certain "Objection to Memorandum and Order of the Special Master Entered January 5, 2011 (Dkt. No. 182) and Request for Reconsideration." (The "Objection.")[1] For the reasons stated below, the reconsideration has been considered and is DENIED.

In the Objection, the movants (calling themselves the "Objectors") express "deference" to the Special Master, but suggest that "he has not apprehended the nature and gravity of the [Motion for a Procedural Order previously filed by them], nor the potential consequences to the Objectors *should* the distribution of fees – 'down the line' – not be relegated to the dictates of due process *now*." (Emphasis added.) The Special Master disagrees. The use of the word "should" by the Objectors reflects their awareness that the distribution of fees is not about to occur "now" but rather is a matter for future consideration. In short, the Objectors are premature and their claims are not yet ripe for consideration. That said, however, the Special Master has already gone on record as to how and when he will deal with the Objectors' concerns. In a Memorandum and Order issued on December 22, 2010, the Special Master stated:

---

[1] The Objection is not dated, although there is a suggestion contained in the Certificate of Service thereon that it was submitted for docketing on January 5, 2011.

"A motion for all fees and all counsels' costs ("Motion for Fees and Costs") shall be submitted by Class Counsel. See Fed. R. Civ. P. Rule 23(h). That single Motion for Fees and Costs, and any objections thereto, will then be heard before the Special Master on February 14, 2011, at 10:00 a.m., at the John Joseph Moakley U.S. Courthouse in Boston, in Courtroom 20, 7th Floor. Promptly thereafter, the Special Master will make his recommendations on the issue of fees and costs to the Court for ultimate decision after the Final Fairness Hearing on March 11, 2011.

"Thereafter, once fees and costs are awarded, all appeals, if any, are resolved, and funds are available for distribution, Class Counsel, in their discretion, will determine appropriate amounts of compensation for each non-Class Counsel firm based on the latter's respective contributions to the litigation. Then – not at any time before the final resolution of the Final Fairness Hearing and any appeals therefrom – each of the non-Class Counsel will have a right to a hearing and evaluation by the Special Master should any of those firms disagree with the amount of compensation allocated to them.

"The foregoing process is consistent with that utilized in this District in *In re Indigo Securities Litigation*, 995 F. Supp. 233, 235 (D. Mass. 1998). See also *In Re: Copley Pharmaceutical, Inc. Securities Litigation*, Civil Action No. 94-11897-WGY (D. Mass., Feb 8, 1996)."

Of course, none of the foregoing will even occur unless the Court, after the March 11, 2011, Fairness Hearing, approves the settlement and all appeal rights from that approval are resolved or concluded.

Additionally, the Court must also consider the recommendations of the Special Master as to the appropriateness of those fees and costs payable by the Defendants to Class Counsel. Until that additional ruling is made, and any appeals therefrom are resolved, Class Counsel cannot even begin to make their allocations of what amounts of the fees awarded ought to be disbursed to what lawyer or law firm who performed work on the cases. Then, and only then, is the time for anyone who claims unfairness in the fee allocation process to bring his or its concerns to the Special Master. As stated above, once fees and costs are awarded on Class Counsels' motion, all appeals on that issue are resolved, and funds become available for distribution, Class Counsel

will determine appropriate amounts for each non-Class Counsel firm based on the latter's respective contributions to the litigation. Each of the non-Class Counsel will then have a full opportunity for a hearing and evaluation by the Special Master should any of those firms disagree with the amount of compensation allocated to them. See December 22, 2010, Memorandum and Order, p. 2-3.

The Objectors cite for support *In re Nineteen Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litigation*, 982 F.2d 603 (1st Cir. 1992). However, the Special Master ought not be presumed, at this time, to plan upon following a course with regard to the Objectors' fee claims that leaves them "hogtied . . . [and] severely restric[ted] in their ability to participate in the fee-determination process." *Id.*, 982 F.2d at 613. The role of the Objectors here will not be like those in *Nineteen Appeals* – "that of spectators" unable to "interrogate the witnesses, raise objections or otherwise to address" the Special Master. *Id.* A fair, and due, process will be established. But, aside from the Special Master's December 22, 2010, Memorandum and Order, the creation of that process cannot even begin until all parties know the results of Settlement approval and approval of Class Counsels' aggregated fee request, followed by Class Counsels' allocations to other counsel and the receipt of those other counsels' objections, if any. It is possible that there could be no objections at all, or very few. The resulting follow-on process then may be quite different from what may be required if essentially all other counsel object. This Special Master has no intention to create a "litigatory monster," *id.*, 982 F.2d at 605, like that observed by Judge Selya in *Nineteen Appeals*.

The Objectors are further reminded – as they should know – that by specific provisions in the conditionally approved Agreement of Settlement, how the matter of fees will be handled is

3

clearly spelled out. See Agreement of Settlement, §VI. C.

> "Each Settling Party reserves all rights to appeal from a Class Counsel fees and expenses award if that Party files a timely and proper objection with the Court. The Class Counsel fees and expenses award and the Final Judicial Approval shall be separate so that the appeal of one shall not constitute an appeal from the other."

*Id.*

Further,

> "All matters pertaining to an award of Class Counsel fees and expenses including, but not limited to, any dispute amongst class/plaintiffs' counsel as to their respective attorneys fees and expenses, have been referred to the Honorable Allan van Gestel, Special Master. Judge van Gestel's recommendation with respect to Class Counsel fees and expenses shall be made to the Court."

*Id.*

Still further – as the Objectors also should be aware – Notice regarding the conditional approval of the Settlement, matters relating to fees, and the Fairness Hearing has already – on December 20, 2010, by mail, and on December 27, 2010, by publication in *USA Today* – occurred. In Part 11 of those mailed Notices, and also on the settlement website, www.oilsludgesettlement.com, the Class has been advised as follows:

> "Class Counsel will ask the Court for up to $37.5 Million for attorneys' fees and up to approximately $1.75 Million for reimbursement of costs and expenses incurred in the prosecution and settlement of these actions. The Defendants do not dispute Class Counsel's entitlement to an appropriate fee and reimbursement for costs and expenses, but may oppose the amounts requested by Class Counsel. The Defendants will pay whatever attorneys' fees and costs and expenses that the Court awards without reducing or limiting any of the benefits available to Settlement Class Members.
>
> Any contested proceedings as to fees, costs, expenses and reimbursement to the Representative Plaintiffs will proceed separately from any proceedings seeking approval of Settlement terms. In this manner, if the Court approves the Settlement terms other than fees, costs and compensation to the Representative Plaintiffs, VWGoA will be obliged to provide all of the relief agreed to for Settlement Class Members, regardless of the progress or outcome of any such dispute."

The service of the Notices in these cases was a complex, expensive and time-consuming effort on the part of the Defendants and the Settlement Administrator. Any change in the terms of the Notices should not be imposed upon the Defendants or the Settlement Administrator at this time and for the purpose sought by the Objectors.

Neither the Class Members, the Defendants, the Special Master nor the Court anticipates that their time and energies will be expended at this early moment sorting out issues that may never even arise among squabbling attorneys over fees. Particularly, it is the significant roles of the Special Master and the Court, much resembling that of fiduciaries, to insure that the settlement of this nationwide, multi-district class action is fair and appropriate and does not compromise the rights of class members.

IT IS SO ORDERED

/s/ Allan Van Gestel
Hon. Allan van Gestel (Ret.)
Special Master assigned by the
Hon. Joseph L. Tauro, United States
District Judge

DATED: January 10, 2011