UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE VOLKSWAGEN and AUDI ) MDL DKT. NO. 07-md-01790-JLT
WARRANTY EXTENSION )
LITIGATION )

ALL CASES

### AMENDED OBJECTION TO MOTION FOR ATTORNEYS FEES AND COSTS (DOCKET NO. 174)

Megan Shero, through Mark Schlachet, one of the "Plaintiff's Counsel" (hereinafter "Schlachet"), objects to what was docketed as a Motion for Attorneys Fee and Costs (Docket No. 174), but what is elsewhere referred to in Lead Counsel's Declaration (Docket No. 173-1, at ¶ 2) as Plaintiff/Class Counsel's Petition for Fees and Costs ("PCP"). Under the Settlement Agreement, ¶ C.1 and this Court's Order of September 22, 2010, Shero and Ohio Counsel object as follows:

1. **Objection:** unless and until Ohio Counsel, Mark Schlachet and Brian Ruschel, have been designated as additional settlement counsel for the class, as apparently required under the Settlement Agreement, Definition 3 at p. 5, Ohio Counsel strenuously object to moving forward with the instant Motion for Attorney Fees on February 14, 2011 (including throughout any continuance, adjournment, or re-scheduling). Since the Settlement as to the Class's benefits may proceed separate and apart from the matter of counsel fees, there can be no valid objection to a prompt ruling on the Motion to Designate Ohio Counsel as additional Settlement Counsel, thereby placing all attorneys in the case on equal footing, as required by *In re Hotel Fire Litigation*. Lead Counsel have failed their fiduciary charge to other counsel, have harmed other

counsel, have been influenced by structural and actual conflicts of interest, and are thus not appropriate fee applicants, to wit: the Court would be justified in denying Lead Counsel any compensation whatever, and justified in denying Lead Counsel compensation beyond a quantum meruit recovery for their actual and necessary services. But to place Ohio Counsel under Lead Counsel's leadership—and leave them there—given Lead's Counsel's conflicts as fee applicants is to hobble Ohio counsel in violation of *In re Hotel Fire Litigation.*

2. **Objection:** Shero and Ohio Counsel object to any order (defined herein as any order, finding, or recommendation) issuing from the February 14, 2011 hearing establishes for any purpose, whether directly, indirectly, by default or otherwise, for any fee entitlement for any attorney, including Lead Counsel. If the intent of said hearing is to establish individual fee entitlements, as the Definition of Class Counsel" now suggests it is, then Shero and her Ohio counsel demand notice thereof and an opportunity to participate on the same basis as any other attorney who may advance his or her individual fee request through the hearing. Ohio Counsel's fee application has been pending since December 15, 2011 (Docket No. 168).

3. **Objection:** Shero and Ohio Counsel object to any order issuing from the February 14, 2011 hearing that authorizes or provides any mechanism whereby any attorney in the case, including any Lead Counsel, has any fee allowance set and paid without notice to all of the other attorneys of record in the case, as well as an opportunity to object and be heard.

4. **Objection:** Shero and Ohio Counsel object to any order issuing from the February 14, 2011 hearing authorizing or providing any mechanism whereby any attorney,

including any Lead Counsel, receive any compensation more promptly than any other attorney, or otherwise on terms more favorable to such favored attorney than to any other attorney.

5. **Objection:** Shero and Ohio Counsel object to any order issuing from the February 14, 2011 authorizing or providing any mechanism whereby any attorney, including any Lead Counsel, is allowed means superior to or otherwise more favorable than any other attorney in the case, for describing such attorney's contribution to the litigation, or contrasting his or her contribution with any other attorney's contribution, or questioning any other attorneys regarding their work.

6. **Objection:** Shero and Ohio Counsel object to Lead Counsel having any input or influence over any order to issue from the February 14, 2011 hearing, unless the same be provided to all other counsel for comment to the special Master, on not less than three days notice;

7. **Objection:** Shero and Ohio Counsel object to any order from the February 14, 2011 hearing that might set forth the contribution to the case of Lead Counsel or any other case attorney, if any, without simultaneously stating the contribution of Ohio Counsel to the case, in comparable detail to that of Lead or other Counsel.

8. **Objection.** Shero and Ohio Counsel object to the extent the Court does not exercise control of any disbursements from the proceeds of any aggregate fee award, and does not require that all disbursements be made only upon notice to all counsel, and by motion and an opportunity to be heard.

This Objection is filed after unsuccessful attempts to meet and confer with Lead Counsel with a view to a stipulation of non-prejudice.[1]  Schlachet also requested that Lead Counsel address four specific concerns that are at the root of this filing, again, with no response from Lead Counsel.

A Memorandum of Points and Authorities is herewith submitted.

                                  Respectfully submitted,

                                  /s/ Mark Schlachet
                                  _____
                                  MARK SCHLACHET (Ohio Bar No. 0009881)
                                  3637 South Green Road – 2nd Floor
                                  Beachwood, Ohio 44122
                                  Telephone:  216/896-0714
                                  Facsimile:  216/514-6406
                                  Email: mschlachet@gmail.com

                                  **One of the Counsel for Megan Shero**

---

[1] For example, Lead Counsel refer to the pending fee application in their Declaration (¶2) as "Plaintiff's/Class Counsel's Petition for Fees and Costs."  Such characterization suggests that the purpose of the instant application is to set all class counsel fee awards in the aggregate and, moreover, set "Class Counsel's" fee award specifically.  But through sharp practice of the first order, "Class Counsel" and "Plaintiffs' Counsel" is defined in the Settlement agreement to include *only* Lead Counsel at this time, although the use of these rubrics informally means Counsel and non-lead counsel.  Such a scenario, i.e. literally cashing out Lead Counsel before others, who would then have to negotiate with other counsel as to the latter's entitlement, would violate the "comparable means" test of *In re Hotel Fire Litigation.*   Lead Counsel declare that "[w]e are the attorneys responsible for [the MDL]" at ¶1 of their Declaration.  But the undersigned Ohio counsel and Brian Ruschel, Esq. provided the Ohio Class with legal services in this case; Lead Counsel did not do so except incidentally.  See Memorandum of Points and Authorities submitted herewith.

4

## REQUEST FOR ORAL ARGUMENT

Megan Shero requests oral argument and an opportunity to present additional evidence in support of the within Objection at the hearing now set for February 14, 2011 at 10: 00 A.M. (Docket No. 178).

Respectfully submitted,

/s/ Mark Schlachet
_____
Mark Schlachet (Ohio Bar No. 0009881)
3637 South Green Road – 2nd Floor
Beachwood, Ohio 44122
Telephone: 216/896-0714
Facsimile: 216/514-6406
Email: mschlachet@gmail.com

**One of the Counsel for Megan Shero**

## CERTIFICATE OF SERVICE

I hereby certify that this document and the accompanying memorandum were docketed through the ECF system to all identified participants on the Notice of Electronic Filing (NEF) on January 14, 2011. Electronic copies were sent via e-mail to all entities indicated as non-registered participants.

/s/ Mark Schlachet
_____
MARK SCHLACHET (Ohio Bar No. 0009881)

**One of the Counsel for Megan Shero**

5