UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE VOLKSWAGEN and AUDI          )          MDL DKT. NO. 07-md-01790-JLT
WARRANTY EXTENSION                 )
LITIGATION                         )

ALL CASES


CERTIFICATE OF COMPLIANCE WITH THE MEET AND CONFER
REQUIREMENTS OF LOCAL RULE 7.1(a)(2) IN CONNECTION WITH
DOCKET NO. 188

Now comes Megan Shero, through her duly engaged counsel, and files this certificate of attempts of confer in good faith to resolve or narrow this issue as to Docket No. 188, known as the MOTION OF OHIO COUNSEL TO BE DESIGNATED AS ADDITIONAL SETTLEMENT COUNSEL UNDER DEFINITION 3 OF THE SETTLEMENT AGREMENT (DOCKET NO. 160). Counsel seasonably emailed Lead Counsel a letter requesting that they meet and confer to resolve Shero's Objection to the Motion for Attorneys Fees, which objection contains the core facts indicating the need for filing Docket No. 188. Counsel requested in writing of Lead Counsel information responsive to the concerns that required the filings by Shero on Thursday, January 13, 2011. Lead Counsel gave no response whatever, as it has done with several recent efforts initiated by undersigned to resolve Shero's concerns. Accordingly, undersigned has attempted to confer in good faith to resolve or narrow the issue addressed in Docket No. 188. Unable to do so, Shero had no alternative manner of addressing her needs for relief aside from the filings of January 13, 2011 (Docket Nos. 188, 190-191, and 193).

Counsel thereafter had concern that, having inadvertently not certified his efforts aforesaid in strict accordance with Local Rule 7.1(a)(2) [*Motion Practice.* No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue], Docket No. 188 might be subject to summary

1

dismissal.  However, a review of this District's case law indicates that where, as here, there is little to no likelihood that opposing counsel will meet and confer in good faith to resolve a disputed matter, two District Judges of this court have held that the movant the filing is not subject to summary dismissal:

> Even assuming that defendants' counsel failed to confer as required by Local Rule 7.1, summary denial of the motion is not warranted in this case. See Converse, 328 F. Supp. 2d at 174 n.7 ("[A]lthough a litigant's failure to observe the Local Rules invites  [*16] sanctions, omitting to confer prior to filing a motion certain to be opposed does not warrant so severe a sanction as summary denial.") (citing Gerakaris v. Champagne, 913 F. Supp. 646, 651 (D. Mass. 1996)). There can be no doubt that Blanchard would have opposed the motion to strike, and discussion would not have likely resolved or narrowed any of the issues involved. Accordingly, there is no reason for summary denial for failure to consult counsel pursuant to Rule 7.1. The Court will therefore turn to defendants' substantive arguments concerning the motion to strike

Blanchard v. Swaine, 2010 U.S. Dist. LEXIS 125397 (D. Mass. Nov. 29, 2010).

There is still adequate opportunity to meet and confer; and undersigned commits to do so, hopefully successfully, within the next few days, upon Lead Counsel's indication of willingness.  In that event, undersigned will be prepared to withdraw Docket No. 188 forthwith following an accord.

Respectfully submitted,

/s/ Mark Schlachet

_____
Mark Schlachet (Ohio Bar No. 0009881)
3637 South Green Road – 2nd Floor
Beachwood, Ohio 44122
Telephone: 216/896-0714
Facsimile: 216/514-6406
Email: mschlachet@gmail.com

**One of the Counsel for Megan Shero**

2

**CERTIFICATE OF SERVICE**

I hereby certify that this document and the accompanying memorandum were docketed through the ECF system to all identified participants on the Notice of Electronic Filing (NEF) on January 15, 2011. Electronic copies were sent via e-mail to all entities indicated as non-registered participants.

/s/ Mark Schlachet

_____
MARK SCHLACHET (Ohio Bar No. 0009881)

**One of the Counsel for Megan Shero**