UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE VOLKSWAGEN AND AUDI
WARRANTY EXTENSION LITIGATION

MDL DOCKET NO. 1:07-md-01790-JLT

THIS DOCUMENT RELATES TO:

ALL CASES

**OBJECTION OF THOMAS P. SOBRAN TO THE
MOTION FOR ATTORNEYS' FEES AND COSTS[1]**

Thomas P. Sobran (hereinafter "Sobran"), counsel of record for Eugenia Diveroli and Ken Winokur hereby objects to the Motion for Attorneys' Fees and Costs filed by Class Counsel. In support of this opposition, Sobran states as follows:

There is sufficient ambiguity in the Agreement of Settlement and the court's existing orders concerning the award of Class Counsel fees and expenses that could be reasonably construed to have preclusionary effect absent objection. Theoretically, if non-lead counsel do not object to Class Counsels' requested fees and expenses at the February 14, 2010 hearing, any objections that could

---

[1] This objection serves two procedural purposes. First, this objection is entered to preserve any and all rights to claim compensation from the overall award for attorneys' fees and expenses. The second purpose of this objection to preserve any and all rights, entitlements and/or equities Thomas P. Sobran has against Class Counsel, Lead Counsel (former and current) and members of Plaintiffs' Executive Committee in a subsequent proceeding for breach of contract, breach of fiduciary duty, fraud and other causes of action. Failure to timely assert this objection may have unforeseen and unintended consequences including but not limited to collateral estoppel, issue preclusion and/or *res judicata*. These concerns are not imaginary. Jackson & Tucker, P.C., the Vaughan Law Group and Sacks & Weston (all plaintiffs' counsel of record in this proceeding) commenced a breach of contract action in Birmingham, Alabama against Peter J. McNulty (Co-Lead Counsel and Class Counsel in this proceeding) and Jonathan H. Waller (also counsel of record in this proceeding) on February 24, 2010. That case is captioned *Jackson & Tucker, P.C., et al. v. Jonathon H. Waller, et al*. and has been assigned docket CV 10-900613-MGG in the Circuit Court of Jefferson County, Civil Division / Birmingham. A copy of the Amended Complaint for Breach of Contract and Declaratory Judgment together with the Order on Pending Motions to Dismiss are docketed in this proceeding as 180-1 and 180-2, respectively. At least two other counsel for plaintiffs in this proceeding have also claimed to have been denied promised meaningful participation in exchange for consolidating their state court class claims with this MDL action.

have been made as to those fees and expenses could be deemed waived.

There appears to be no established mechanism in place for non-lead counsel to challenge the attorneys' fees and expenses Class Counsel/Co-Lead Counsel decide to allocate to themselves out of the total attorneys' fees and expenses awarded. *See* Memorandum And Order Regarding "Objection to Memorandum and Order of the Special Master Entered January 5, 2011 (Dkt. Non. 182) and Request for Reconsideration" at p. 4.[2]  The fee and expense procedure established appears to only allow non-lead counsel to challenge their own respective awards and no other award. *Id.*  The language and definitions incorporated in the Agreement of Settlement further compounds the ambiguity of what procedure has been established for contesting fee and expense awards. The agreement recites that:

> All matters pertaining to an award of Class Counsel fees and expenses including, but not limited to, any dispute amongst class/plaintiffs' counsel as to their respective attorneys [sic] fees and expenses, have been referred to the Honorable Allan van Gestel, Special Master. Judge van Gestel's recommendation with respect to Class Counsel fees and expenses shall be made to the Court.

Agreement of Settlement, §VI.C.3.

Class counsel and plaintiffs' counsel are synonymous within the context of the Agreement for Settlement as established by the document's definitions. "'Class Counsel' shall mean those attorneys executing this Settlement Agreement on behalf of the Plaintiffs and Settlement Class Representatives, or such other attorneys as shall be approved by the Court as counsel to the Settlement Class." Agreement of Settlement, §I.3.  "'Plaintiffs' Counsel' shall mean Class Counsel." *Id.* at §I.17.

The Agreement for Settlement also fails to define the term "Settling Party" that is used in §VI.C.1. of the agreement discussing the right to appeal the award of attorneys' fees and expenses.

---

[2] *See also* Memorandum and Order Regarding Procedure on Fees and Costs Application at pp. 2-3 that recites:
> Thereafter, once fees and costs are awarded, all appeals, if any, are resolved, and funds are available for distribution, Class Counsel, in their discretion, will determine appropriate amounts of compensation for each non-Class Counsel firm based on the latter's respective contributions to the litigation. Then - not at any time before the final resolution of the Final Fairness Hearing and any appeals therefrom - each of the non-Class Counsel will have a right to a hearing and evaluation by the Special Master should any of those firms disagree with the amount of compensation allocated to them.

"Settling Party" could be reasonably construed as all plaintiffs collectively or in the alternative, individual plaintiffs.[3] The two interpretations of this clause in combination with the previous definitional ambiguities of "Class Counsel" and "Plaintiffs' Counsel" create considerable uncertainty that may prejudice Sobran (and other non-lead counsel) unless an objection is entered on the district court record.

Rather than making any and all objections to Class Counsels' request for an overall attorneys' fee and expense award at the February 14, 2011 hearing (which could be interpreted as also setting a baseline for Class Counsels' fee and expense allocations from the overall award) Sobran requests that

---

[3] Section VI.C. of the Agreement for Settlement is entitled "Attorney Fees and Costs" and recites in its entirety as follows:

> 1. Class Counsel will submit an application to the Court for an award of reasonable attorneys' fees and expenses on or before a date to be set by the Court ("Fee Application"). Each Settling Party reserves all rights to appeal from a Class Counsel fees and expenses award if that Party files a timely and proper objection with the Court. The Class Counsel fees and expenses award and Final Judicial Approval shall be separate so that the appeal of one shall not constitute an appeal from the other.
>
> 2. Subject to Section VI.A.2 above, Class Counsel fees and expenses shall be paid entirely and exclusively by Defendants and shall not diminish, invade, or reduce, or be derived from, benefits afforded to Settlement Class Members under this Settlement Agreement.
>
> 3. Any Class Counsel fees and expenses awarded shall be paid by Defendants to Class Counsel within thirty (30) days of the entry of a final judgment or order by the Court with respect to Class Counsel fees and expenses, except in the event of an appeal, which shall be governed by applicable provisions of the Federal Rules of Appellate Procedure including but not limited to Rule 8. Within fifteen (15) days after the final resolution of appellate proceedings and related Court proceedings with regard to the Class Counsel fees and expense award, the amount finally awarded by the Court shall be paid to Class Counsel. All matters pertaining to an award of Class Counsel fees and expenses including, but not limited to, any dispute amongst class/plaintiffs' counsel as to their respective attorneys [sic] fees and expenses, have been referred to the Honorable Allan van Gestel, Special Master. Judge van Gestel's recommendation with respect to Class Counsel fees and expenses shall be made to the Court.

he be allowed to challenge Class Counsels' fee and expense allocation at a later date using the same procedure the court set out in its January 10, 2011 order.[4]

        Eugenia Diveroli and Ken Winokur,
        By their attorney, on behalf of
        themselves and class members,

        /s/*Thomas P. Sobran*
        Thomas P. Sobran
        7 Evergreen Lane
        Hingham, MA 02043
        (781) 741-6075
        BBO #471810
        tsobran@sobranlaw.com

### REQUEST FOR ORAL ARGUMENT

In accordance with LR. 7.1(D), Sobran requests to be heard on oral argument and estimates 20 minutes is sufficient for all counsel to be heard. Sobran further requests that this objection be heard on February 14, 2010 following the fee hearing to be held before Special Master van Gestel (when all counsel will be in Boston) or following the Fairness Hearing in this matter currently scheduled for March 11, 2011.

### CERTIFICATE OF SERVICE

I certify that a copy of the above document entitled OBJECTION OF THOMAS P. SOBRAN TO THE MOTION FOR ATTORNEYS' FEES AND COSTS was docketed through the Electronic Case Filing system on January 21, 2011 to all identified participants on the Notice of Electronic Filing. Electronic copies were sent via e-mail on to all entities indicated as non-registered participants. A paper copy was sent to Special Master Judge van Gestel by First Class Mail, postage pre-paid.

        /s/*Thomas P. Sobran*
        Thomas P. Sobran

---

[4] Although the court has shown concern over the unseemly "squabbling [of] attorneys over fees," multiple attorneys have sustained considerable unnecessary and unfair treatment at the hands of Class Counsel/Lead Counsel. This mistreatment violated written contracts, oral representations and fiduciary duties owed to non-lead counsel and has adversely affected their opportunity to earn an income despite contributory efforts. These are protected interests requiring due process. *In re Nineteen Appeals Arising Out of the San Juan DuPont Plaza Hotel Fire Litigation,* 982 F.2d 603, 614-615 (1st Cir. 1991). Sobran further adopts the arguments and authority set out in the Amended Objection to Motion for Attorneys['] Fees and Costs (Docket No. 174) filed by Megan Shero.