**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **In re Volkswagen and Audi Warranty Extension Litigation** | **MDL Docket No. 1:07-md-01790** |
| **This Document Relates to All Cases** | |

**CLASS PLAINTIFFS' RESPONSE TO MOTION OF OHIO COUNSEL TO BE DESIGNATED AS ADDITIONAL SETTLEMENT COUNSEL UNDER DEFINITION 3 OF THE SETTLEMENT AGREEMENT**

Class Plaintiffs, by and through Class Counsel Peter J. McNulty, Kirk D. Tresemer, and Russell D. Henkin, hereby file their Response to the Motion of Ohio Counsel (Mark Schlachet and Brian Ruschel) to be Designated as Additional Settlement Counsel Under Definition 3 of the Settlement Agreement. (Doc. No. 188).[1]

**I. There is no reason that the Court should appoint Ohio Counsel as Additional "Counsel to the Settlement Class."**

Ohio Counsels' motion to be designated as additional "counsel to the Settlement Class" is unnecessary and untimely. It is also a thinly disguised attempt to indirectly continue to pursue attorneys' fees and costs prematurely and contrary to explicit Orders of the Court.[2] Indeed, Ohio Counsel filed a single Memorandum of Points and Authorities

---

[1] Plaintiffs' Co-Lead Counsel (Messrs. McNulty, Tresemer and Henkin) met in person in California with Ohio counsel and their attorney to discuss Ohio Counsels' Motion to be Designated as Additional Settlement Counsel. No agreement being reached, the following response is hereby filed.

[2] Mr. Schlachet has also filed an Amended Objection to Motion for Attorneys Fees and Costs (Docket No. 174) on behalf of Megan Shero, one of the Settlement Class Representatives. (Doc. No. 193). This Amended Objection is based primarily upon Mr. Schlachet's contention that the process for the award of attorneys' fees and allocation thereof among counsel does not meet the requirements of due process. In three separate Orders Special Master Allan van Gestel has set forth the procedure whereby the Special

in support of this motion and their Amended Objection to Motion for Attorneys Fees and Costs (Docket No. 174). (Doc. No. 193).

Class Counsel have already fully negotiated the Settlement Agreement filed with the Court on September 13, 2010. (Doc. No. 160). Special Master Allan van Gestel held a hearing on September 14, 2010, and subsequently entered his Findings of Fact and Conclusions of Law. (Doc. No. 164). The Special Master recommended that the Settlement Agreement be conditionally approved. *Id.* The Court entered an Order conditionally approving the Settlement Agreement and approving the form of notice, among other things. (Doc. No. 165). The Court also entered an Order accepting and adopting the Findings of Fact and Conclusions of Law of the Special Master. (Doc. No. 166). On December 20, 2010, Class Counsel filed a Motion for Final Approval of Proposed Settlement on behalf of Class Plaintiffs (Doc. No. 172) and a Memorandum in Support of same. (Doc No. 173).

The Court has scheduled a hearing on Final Approval for March 11, 2011. (Doc No. 165). Simply stated, there is nothing further for any new or additional settlement counsel to do. There is no reason for the Court to designate Ohio Counsel as additional "counsel to the Settlement Class" on the eve of final approval of the Settlement Agreement.

Ohio counsel previously have commended Class Counsel for doing a "fine job[.]" Ohio Counsels' Motion and Application for Attorneys' Fees, Costs, and Expenses – and

---

Master will first make a determination regarding the aggregate amount of attorneys' fees and costs to be awarded and subsequently address allocation of attorneys' fees and costs, with notice and an opportunity for all counsel to be heard. See Orders dated November 12, 2010, December 22, 2010, and January 5, 2010. (Doc. Nos. 167, 178, and 182). Accordingly, Class Counsel do not respond herein to Ms. Shero's Amended Objection to Motion for Attorneys Fees and Costs.

Submission of Time Records (and Request for Evidentiary Hearing), at 1. (Doc. No. 168). Ohio Counsel further characterized the benefits of the settlement as "quite substantial[,]" *id.* at 7, and stated that "the settlement is fair, adequate, reasonable, and in the best interests of the Class[.]" *Id.* at 10.

The above statements are difficult to square with Ohio counsels' more recent argument that Class Counsel have failed to advocate for the "Ohio Class." Ohio Counsels' Memorandum of Points and Authorities, at 4-12. (Doc. No. 191). No "Ohio Class" exists or has ever existed in this MDL action. The only class that has been certified is the nationwide settlement class, which has been preliminarily approved due to the efforts of Class Counsel. Class Counsel have litigated vigorously on behalf of all members of the nationwide settlement class – including on behalf of Ohio residents. Indeed, Megan Shero of Ohio is a "Settlement Class Representative" under the terms of the Settlement Agreement. Agreement of Settlement, I., Definition No. 23. (Doc. No. 160).

Ohio Counsel filed claims on behalf of Ms. Shero and a purported class of Ohio residents in Ohio state court on December 26, 2006. Defendants Volkwagen and Audi failed to timely remove the case to federal court under 28 U.S.C. § 1446 within thirty days. Ohio Counsel subsequently elected to accede to the request of Defendants Volkswagen and Audi that they file an Amended Complaint and acquiesce in the removal of the Ohio state court case to federal court and, ultimately, its transfer to this Court. Ohio Counsels' Motion and Application for Attorneys' Fees, Costs, and Expenses – and Submission of Time Records (and Request for Evidentiary Hearing), at 1-2. (Doc. No. 168).

Ohio Counsel filed their Amended Complaint in Ohio state court on August 3, 2007, and Defendants Volkwagen and Audi subsequently removed the case to federal court on August 10, 2007. The case was transferred to MDL 1790 as a tag along case on August 24, 2007.

In short, Ohio counsel and the Defendants agreed to disregard Defendants' failure to timely remove the original Complaint. Ohio counsel plainly could have defeated a removal as untimely, obtained remand, and pursued Ohio class claims in Ohio state court. Ohio Counsel elected not to do so. Class Plaintiffs in this case have never sought certification of separate classes or subclasses on a state-by-state basis. The First Amended Complaint on file in this Court at the time that Ohio Counsel agreed to the removal of their Ohio state court case clearly sought relief on behalf of a national class, as does the Second Amended Complaint filed with this Court on October 15, 2007. (Doc. No. 57). Ohio Counsels' recent arguments that Class Counsel have somehow failed to advocate for Ohio residents and that Ohio Counsel have not been afforded an opportunity to litigate on behalf of Ohio residents lack merit.

## II. Ohio Counsels' Motion Suggests That They Misunderstand the Process Whereby The Court Will Address Award of Attorneys' Fees and Expenses.

Ohio counsels' motion is based upon a misapprehension that Ohio counsel must first be designated as "additional counsel to the Settlement Class" by Order of the Court as a qualification for entitlement to any compensation whatsoever. *See* Declaration of Mark Schlachet at ¶ 8 (Doc. No. 190). Mr. Schlachet's Declaration states, in pertinent part:

> Lead counsel at all times (before being forced to engage in a modicum of transparency) failed to advise other counsel that the "joint motion" they

> committed to file would essentially seek an award for the benefit of Lead Counsel only – and that other counsel would not only have to come to terms with Lead Counsel but, additionally, would have to be designated by the Court as additional "counsel to the Settlement Class" as a qualification for any entitlement to compensation whatsoever.

*Id.* There is no such condition precedent to an award of attorneys' fees and costs under the Settlement Agreement or the Orders of the Special Master and the Court. Class Plaintiffs filed a Motion For Attorneys' Fees and Costs seeking entry of an Order granting $37.5 million in attorneys' fees and costs in an amount not to exceed $1.75 million. Class Plaintiffs' Motion for Attorneys' Fees and Costs at 1 (Doc. No. 174). This pending motion seeks an aggregate award and does not request an allocation of attorneys' fees among Class Counsel and other Plaintiffs' counsel. The Settlement Agreement itself addresses this distinction between Class Counsels' fees and expenses and the fees and expenses of other Plaintiffs' counsel:

> All matters pertaining to an award of Class Counsel fees and expenses including, but not limited to, any dispute amongst class/plaintiffs' counsel as to their respective attorneys fees and expenses, have been referred to the Honorable Allan van Gestel, Special Master. Judge van Gestel's recommendation with respect to Class Counsel fees and expenses shall be made to the Court.

Agreement of Settlement, §VI. C. (Doc. No. 160).

Moreover, Special Master Allan van Gestel has directed that the Special Master will not entertain disputes among attorneys regarding attorneys' fees and costs at the hearing on Class Plaintiffs' Motion for Attorneys' Fees and Costs. *See* Orders dated November 12, 2010, December 22, 2010, and January 5, 2010 (Doc. Nos. 167, 178, and 182). The Special Master's December 22, 2010 Order states:

> A motion for all fees and all counsels' costs ("Motion for Fees and Costs") shall be submitted by Class Counsel. See Fed. R. Civ. P. Rule 23(h). That single Motion for Fees and Costs, and any objections thereto, will

> then be heard before the Special Master on February 14, 2011, at 10:00 a.m., at the John Joseph Moakley U.S. Courthouse in Boston, in Courtroom 20, 7th Floor. Promptly thereafter, the Special Master will make his recommendations on the issue of fees and costs to the Court for ultimate determination after the Fairness Hearing on March 11, 2011.
>
> Thereafter, once fees and costs are awarded, all appeals, if any, are resolved, and funds are available for distribution, Class Counsel, in their discretion, will determine appropriate amounts of compensation for each non-Class Counsel firm based on the latter's respective contributions to the litigation. Then – not at any time before the final resolution of the Final Fairness Hearing and any appeals therefrom – each of the non-Class Counsel will have a right to a hearing and evaluation by the Special Master should any of those firms disagree with the amount of compensation allocated to them.
>
> The foregoing process is consistent with that utilized in this District in *In re Indigo Securities Litigation*, 995 F.Supp. 233, 235 (D. Mass. 1998). See also *In Re: Copley Pharmaceutical, Inc. Securities Litigation*, Civil Action No. 94-11897-WGY (D. Mass., Feb. 8, 1996).

December 22, 2010 Order at 2-3 (Doc. No. 178).

In their supporting Memorandum of Points and Authorities, Ohio counsel state: "**Ohio counsel do not seek to have their compensation fixed – nor will Ohio counsel attempt to do so – at the hearing of February 14, 2011 before the Special Master – provided no other counsel attempt to use that hearing for a fixing of their compensation.**" Memorandum of Points and Authorities in Support of (1) Megan Shero's Objection to the Motion for Fees of Class Counsel (Docket No. 174) and (2) Motion of Ohio Counsel to be Designated as Settlement Counsel under Definition 3 of the Settlement Agreement (Docket No. 160) at 3. (Doc. No. 191) (emphasis in original).

Class Counsel seek no such Order at the February 14, 2011 hearing. The Special Master has expressly stated in multiple Orders that the purpose of the February 14, 2011 hearing is to entertain the single Motion for Attorneys' Fees and Costs filed by Class Plaintiffs, and that issues of allocation and distribution are not ripe and will not be taken

up by the Special Master at that time. Rather, the Special Master will make a recommendation to the Court regarding an aggregate award of attorneys' fees and costs. If the Court approves and adopts the Special Master's recommendation, the Special Master will take up issues of allocation of attorneys' fees and costs at a later date.

For the reasons set forth above, Class Plaintiffs respectfully request the Court enter an Order denying Ohio Counsels' Motion to be Designated as Additional Settlement Counsel Under Definition 3 of the Settlement Agreement. Class Plaintiffs seek such other further and different relief that the Court may deem appropriate, premises considered.

Dated: January 27, 2011

Respectfully submitted,

*/s/ Peter J. McNulty*

Peter J. McNulty
McNULTY LAW FIRM
827 Moraga Drive
Los Angeles, CA 90049
(310) 471-2707
(310) 472-7014 (fax)
peter@mcnultylaw.com

Kirk D. Tresemer
IRWIN & BOESEN, P.C.
4100 E. Mississippi Ave., Ste. 1900
Denver, CO 80246
(303) 999-9999
(303) 320-1915 (fax)
Email: ktresemer@coloradolawyers.com

Russ Henkin
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
(215) 875-3000
(215) 875-4604 (fax)
rhenkin@bm.net

**CERTIFICATE OF SERVICE**

I, Sean Roberts, hereby certify that this document, filed through the ECF system, will be sent electronically on January 27, 2011 to the registered participants as identified on the Notice of Electronic Filing (NEF) and to the following recipients:

Jeffrey L. Chase
Daniel V. Gsovski
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY 10004
(212) 471-8500
(212) 344-3333 (fax)

Hon. Allan van Gestel (via email attachment)
JAMS
One Beacon Street, Suite 2300
Boston, MA 02108
(617) 228-0200
(617) 228-0222 (fax)
allanvangestel@aol.com

*/s/ Sean Roberts*
Sean Roberts