1:07-MD-01790

31 Woodland Circle
Sedona, Arizona 86336

February 1, 2011

The Honorable Joseph L. Tauro
United States District Court
John Jospeh Moakley United States Courthouse
1 Courthouse Way
Boston, Massachusetts 02210

**Re: CASE NUMBER 1:07-MD-01790; Class Action Settlement – AUDI Oil Sludge**

Dear Judge Tauro,

I am writing to you to file an **OBJECTION** to the proposal currently under public review relative to the Audi A4 Oil Sludge Settlement.

Under the current settlement, owners of 2001-2004 Audi A4 with 1.8L turbo engines can be compensated for oil sludge repairs with proper receipts for the repair work performed at an authorized Audi Service Center and proof of oil changes based on recommended intervals and oil quality specifications.

I object to this settlement insofar as it does not go far enough to cover catastrophic loss due to oil sludge in cases where the owner elected to cut his/her losses and trade-in the vehicle.

In my case, I drove a 2003 Audi A4 1.8L Turbo (VIN WAULC68E83A142633). The vehicle had barely turned 100,000 miles in March 2010 when the entire engine seized <u>without warning</u> while driving at highway speeds due to oil sludge as later confirmed by the Audi dealership. The oil had been recently changed at 92,000 miles at this same dealership; no mention of any oil sludge problems with these cars was made to me at that time. The damage to my vehicle was extensive and estimates for repair exceeded $5,000.

At this time I elected to trade-in the car instead of repairing it. My reasons for this decision are as follows.
- I am a single business professional working in the Medical Device industry for a Fortune 100 company. I have a rigorous schedule with a 100 mile/day round-trip commute through an isolated mountainous region in Northern Arizona. Additionally, I travel on business and need a reliable car to travel from my home to and from the Phoenix airport, 130 miles one-way.

- The 2003 A4 was my sole source of transportation. I could not afford to take the time to wait for Audi to reach a settlement without a vehicle.
- The timing of the loss of the vehicle coincided with the finalization of my divorce after 30 years of marriage and the subsequent loss of financial assets as a result of the divorce. Spending $5,000 on a car repair was an extreme financial hardship for me to bear at this time. Not knowing if a settlement for the oil sludge problem would ever come through, I traded-in the vehicle at a loss to get out of the hardship.
- The closest Audi dealership is over 2 hours from my home. A trip to this dealership requires renting a car and taking a vacation day off from work. My insurance would not pay for the car rental. As it stood, even with the trade-in, I lost several days of work and incurred rental car expenses. The lost time from work plus added costs for a long-term rental would have been far higher had Audi repaired the vehicle.

At the time of the loss, my vehicle retained a value of $11,000 retail and $7,500 trade-in. However, I was only given $2,500 in trade-in for my vehicle by the Audi dealership; hence, I suffered a **trade-in loss in the range of $5,000 - $8,500.**

Your Honor, I urge you to consider expanding the oil sludge settlement when you conduct the Fairness Hearing on March 11, 2011 to allow for added provisions to reimburse owners who suffered catastrophic loss and did not elect to have their vehicles repaired. Like mine, the vehicles affected under this class action suit are between 8-10 years old, are off warranty with Audi and most likely have high mileage. The decision to initiate a costly out-of-the-pocket repair in a vehicle such as this, in many cases, does not make sense.

I applaud Audi for a generous settlement to the vehicle owners that spent so much to repair their vehicles due to oil sludge; however, for the rest of us, we get nothing.

Please feel free to contact me directly at 928-282-3259 should you require additional information at this time.

Sincerely,

*Constance A. Pickard*

Constance A. Pickard

C: Class Counsels: Peter J. McNulty, Kirk D. Tresemer, Russell D. Henkin
Defense Counsel: Herzfeld & Rubin, P.C.
Oil Sludge Settlement Administrator