**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| | : | |
| **In re Volkswagen and Audi** | : | **MDL Docket No. 1:07-md-01790** |
| **Warranty Extension Litigation** | : | |
| | : | |
| | : | |
| | : | |
| **This Document Relates to All Cases** | : | |
| | : | |

**DEFENDANTS' RESPONSE TO OBJECTIONS TO PROPOSED SETTLEMENT**

## TABLE OF CONTENTS

TABLE OF CONTENTS ..........................................................................................................ii

I.      INTRODUCTION ................................................................................................4

II.     ARGUMENT ........................................................................................................4

III.    CONCLUSION .....................................................................................................6

## TABLE OF AUTHORITIES

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997)..............................................................6

*Browning v. Yahoo! Inc.*, Civ. No. 04-1463, 2007 U.S. Dist. LEXIS 86266,
  *2007 WL 4105971 (*N.D. Cal. Nov. 16, 2007).....................................................................5

*Careccio v. BMW of N. Am. LLC*, Civ. No. 08-2619, 2010 U.S. DIST. LEXIS 42063,
  *2010 WL 1752347 (*D.N.J. Apr. 29, 2010) ..........................................................................5

*Denny v. Jenkens & Gilchrist*, 230 F.R.D. 317 (S.D.N.Y. 2005)....................................................6

*Dewey v. Volkswagen of Am., 728 F.Supp.2d 546 (*D.N.J. 2010*)* ....................................................5

*Hochstadt v. Boston Sci. Corp.*, 708 F.Supp.2d 95 (D.Mass. 2010) ................................................4

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.2d 768
  (*3d Cir. 1995) ............................................................................................................5

*In re Lupron Mktg. and Sales Practices Litig.*, 345 F.Supp.2d 135 (D. Mass. 2004)....................5

I.   **INTRODUCTION**

Defendants submit this Response to Objectors to the Settlement.  For the sake of brevity, defendants will not repeat the factual statements and legal authority contained in "Plaintiffs' Response to Objections to Proposed Settlement" ("Plaintiffs' Response") dated February 28, 2011.

Class Counsel have been in direct communication with the Objector Class Members and have advised that 3 of the 19 Objectors – Mr. Steven Klurfeld, Ms. Mirta Rodriguez and Ms. Anna Lila Black – are withdrawing their objections.  Accordingly, this leaves 16 objectors out of 1.6 million class members, a miniscule number.

As set forth in the description of the Objections in Plaintiffs' Response (pages 3-6), the objections include a number of individuals who sold or traded in their vehicles and do not quality for relief.  A few are unhappy with certain terms of the Settlement.

Counsel for both sides reached a settlement bearing in mind the risks of continued litigation to both sides.  The settlement negotiations were conducted at arm's length.  While defendants maintain they have acted properly and in compliance with the applicable laws and industry standards, defendants are also mindful that future protracted litigation may not be in the best interests of the purchasers and lessees of Class Vehicles.

II.   **ARGUMENT**

The small number of objections in and of itself reflects fairness overall.  As this court explained in *Hochstadt v. Boston Sci. Corp.,* 708 F. Supp.2d 95 (D. Mass. 2010):

> "[A] presumption of fairness attaches to a court's
> preliminary fairness determination when '(1) the
> negotiations occurred at arm's length; (2) there was
> sufficient discovery; (3) the proponents of the settlement

> are experienced in similar litigation; and (4) only a small
> fraction of the class objected.'" *In re Lupron Mktg. and
> Sales Practices Litig.,* 345 F.Supp.2d 135, 137 (D. Mass.
> 2004) (quoting *In re Gen. Motors Corp. Pick-Up Truck
> Fuel Tank Prods. Liab. Litig.,* 55 F.2d 768, 785 (3d Cir
> 1995)).

*Id.* at 106-107.  Here, there is no doubt that the settlement negotiations occurred at arm's length,

sufficient discovery was conducted and class counsel are experienced.  Similarly, the number of

16 objectors, out of 1.6 million class members, is undoubtedly miniscule.

As noted in Plaintiffs' Response, a number of these objectors appear not to fully

appreciate the benefits which they may be entitled to receive.  They can and should address these

issues further with Class Counsel.  Defendants are not at liberty to contact these class members,

who are represented by counsel.

The objectors' complaints include the length of the extended warranty since some have

vehicles older than 10 years or with more than 120,000 miles, the mileage limitation for the

extended warranty for 2001-2004 model year Class Vehicles.  Others complain that they sold,

donated or traded in their vehicles and would not be eligible for reimbursement.  See Plaintiffs'

Response, pages 3-6.  The above limited objections do not show that the Settlement is

unreasonable or unfair.  As Judge Shwartz held in *Dewey v. Volkswagen of America,* 728

F.Supp.2d 546, 578-579 (D.N.J. 2010):

> "When evaluating the fairness of settlements, courts have
> held that 'full compensation is not a prerequisite for a fair
> settlement.'" *Careccio v. BMW of N. Am. LLC,* Civ. No.
> 08-2619, 2010 U.S. Dist. LEXIS 42063, 2010 WL
> 1752347, at *6 (D.N.J. Apr. 29, 2010).  Moreover,
> "complaining that the settlement should be 'better'…is not
> a valid objection." *Browning v. Yahoo! Inc.,* Civ. No. 04-
> 1463, 2007 U.S. Dist. LEXIS 86266, 2007 WL 4105971, at
> *5 (N.D. Cal. Nov. 16, 2007).

Moreover, the few dissatisfied objectors had the choice of opting out of the Settlement.

As set forth in Plaintiffs' Response, no objectors have contested the Court's conditional ruling that the requirements for Rule 23 Settlement Class Certification have been met.  For example, it is well-settled that where, as here, a class is sought to be certified solely for settlement purposes, the Court need not consider intractable manageability issues that class certification would otherwise cause, since the proposed settlement obviates the need for a trial. *See, Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Denny v. Jenkens & Gilchrist*, 230 F.R.D. 317, 328 (S.D.N.Y. 2005).  Thus, should the proposed Settlement not be approved, defendants fully reserve all rights to defend this action on any and all grounds available to them prior to the proposed Settlement.

## III.   CONCLUSION

Both sides have labored earnestly, in good faith – and very much at arm's length – to resolve this litigation.  For all their differences with their adversaries, defendants firmly believe that the proposed Settlement is fair, reasonable and adequate and in the best interests of all parties, particularly the members of the Settlement Class.  We therefore join with plaintiffs' counsel in urging the Court to overrule the objections and grant final approval of the proposed Settlement.

Dated: February 28, 2011                    Respectfully submitted,


/s/ Jeffrey L. Chase
Jeffrey L. Chase
Daniel V. Gsovski
Herzfeld & Rubin, P.C.
125 Broad Street
New York, NY  10004
 (212) 471-8500
(212) 344-3333 (fax)
jchase@herzfeld-rubin.com
dgsovski@herzfeld-rubin.com

## CERTIFICATE OF SERVICE

I, Jeffrey L. Chase, hereby certify that this document, filed through the ECF system, will be sent electronically on February 28, 2011 to the registered participants as identified on the Notice of Electronic Filing (NEF) and to the following recipients:

Kirk D. Tresemer
IRWIN & BOESEN, P.C.
4100 E. Mississippi Ave., Ste. 1900
Denver, CO  80246
(303) 999-9999
(303) 320-1915 (fax)
Email: ktresemer@coloradolawyers.com

Peter J. McNulty
McNULTY LAW FIRM
827 Moraga Drive
Los Angeles, CA  90049
(310) 471-2707
(310) 472-7014 (fax)
Email: peter@mcnultylaw.com

Russell D. Henkin
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
(215) 875-3000
(215) 875-4604 (fax)
Email: rhenkin@bm.net

Hon. Allan van Gestel (via email attachment)
JAMS
One Beacon Street, Suite 2300
Boston, MA  02108
(617) 228-0200
(617) 228-0222 (fax)
Email: allanvangestel@aol.com
Email: pgelinas@jamsadr.com

and via First Class mail to the following recipients:

Steven Klurfeld
1 Dawning Lane
Ossining, NY 10562

Franklin McCormick
10816 Hibner Rd.
Hartland, MI 48353

Mark Lehmann
1026 Fair Meadow Dr.
Mason City, IA 50401

Constance A. Pickard
31 Woodland Circle
Sedona, AZ 86336

Kevin W. Prather
4546 W. 650 N
Thorntown, IN 46071

Jose A. Clement
1900 NE 46th Street, #A-5
Fort Lauderdale, FL 33308

Frank Jaramillo
42 West Kincaid Drive
West Windsor, NJ 08550

Daniel M. Gregory
150 Farm Chase Dr
Lexington, SC 29073-7066

Andrea & William Daniels
1804 Brentwood Dr
Greeneville, TN 37743

Kenneth Hsu
5538 Morningside Dr.
San Jose, CA 95138

Alane A. Rivera
Raymundo Rivera
1814 N. Palmetto Ave.
San Antonio, TX 78208

Mirta M. Rodriguez
Law Offices of Robert Ader
100 S.E. 2nd Street, Suite 3550
Miami, FL 33131

Meghan Urbanski
4151 88th Lane NE
Circle Pines, MN 55014

Daniel Lee Wilde
7610 SE. King Rd.
Milwaukie, OR 97222

John Paul Berlon
P.O. Box 10745
Savannah, GA  31412

Anna Lila Black
3 Henry Clay Court
Savannah, GA 31411

Albert J. Keefe, 3rd
1229 Wyngate Rd
Wynnewood, PA 19096

David Naso
Virginia A. Croker Naso
727 Dearborn St.
Iowa City, IA 52240-6218

Tyrone D. Foster, Jr.
2020 Brooks Dr. Apt. 526
District Heights, MD 20747

Chris Pavlou
2605 Cresswell Dr
Norristown, PA 19403

_/s/ Jeffrey L. Chase_
Jeffrey L. Chase