UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLASS ACTION MASTER
FILE NO. 1:07-md-01790-JLT
(Relating to All Cases)

IN RE VOLKSWAGEN and AUDI
WARRANTY EXTENSION LITIGATION

MEMORANDUM
March 24, 2011

This matter came before the court on March 11, 2011 for a Final Fairness Hearing

considering the approval of a proposed settlement of these consolidated class action cases, all

pursuant to Fed. R. Civ. P. 23(e) (the "Fairness Hearing").

PROCEDURAL HISTORY

On September 24, 2010, this court issued an Order [#166][1] accepting the Findings of Fact,

Conclusions of Law and Recommendations of the Special Master Relating to the Conditional

Approval of Class Settlement, Direct Notice to the Settlement Class and to Schedule a Final

Fairness Hearing [#164]. The proposed settlement among the Parties was thereby conditionally

approved; certification of a class, for settlement purposes only, was conditionally approved; Peter

J. McNulty of the McNulty Law Firm, Kirk D. Tresemer of Irwin & Boesen, P.C., and Russell D.

Henkin of Berger & Montague, P.C., were appointed Class Counsel; and the proposed form,

manner and mailing of notice was approved.

Thereafter, Notice of the conditional approval of the settlement and the date of the

Fairness hearing was twice served by publication in the National Edition of USA Today, on

December 27, 2010 and on January 25, 2011, as well as by first class mail to 1,603,031

---

[1] See also Order [#165].

Settlement Class Members. The Fairness Hearing was held on March 11, 2011.

It is notable that at the Fairness Hearing no person appeared to speak in opposition to the settlement, and both Class Counsel and counsel for Defendants urged its approval.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

The terms and conditions of the Agreement of Settlement ("Agreement"), dated September 2, 2010, including all Exhibits thereto, are hereby approved. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein.

This court finds that the class settlement specified in the Agreement (the "Class Settlement") at the time of the conditional approval was sufficiently within the range of reasonableness that the Notice of the Class Settlement given as described below and in Section VI.B of the Agreement was appropriate.

In making these determinations approving the settlement, this court considered the current posture of this litigation and the risks and benefits to the Parties, in both settlement of these claims and continuation of the litigation. Moreover, this court has determined that the Agreement was entered into only after extensive arm's-length negotiation by experienced counsel. The Class Settlement is not the result of collusion, but rather is reasonable in light of the claims alleged by Plaintiffs and the litigation risks of Plaintiffs and Defendants.

The Settlement Class

This Settlement Class consists of all current and former owners and lessees of model years 1997–2004 Audi A4 vehicles or model years 1998–2004 Volkswagen Passat vehicles equipped with a 1.8 liter turbo engine imported or distributed for sale or lease in the United States by Volkswagen Group of America ("VWGoA") (collectively the "Settlement Class Vehicles"). The

2

Settlement Class Vehicles include a total of 479,768 vehicles imported or distributed for sale or lease in the United States by VWGoA. The Settlement Class Vehicles do not include, however, vehicles for which motor oil meeting VW specification 502 00 was required as part of scheduled maintenance (model year 2004 Audi A4 vehicles with VIN numbers of or above WAULC 68E44A152304 and model year 2004 Audi A4 Cabriolet vehicles with VIN numbers of or above WAUAC48H04K014467). Also excluded from the Settlement Class are (a) all federal court judges who have presided over this case and their spouses, (b) all persons and entities who have elected to exclude themselves from the Settlement Class, and (c) Defendants' current employees, officers, directors, agents and representatives.

The Requirements of Rule 23(a) Have Been Met for Purposes of This Approval

1. Numerosity: Numerosity requires that the class include so many members that joinder would be impracticable.[2] Courts have generally found groups of more than fifty to satisfy the numerosity requirement.[3] District courts "may draw reasonable inferences from the facts presented to find the requisite numerosity."[4]

In this case, the Settlement Class consists of current and former owners or lessees of 479,768 vehicles. A class of that size readily satisfies the numerosity requirement.[5]

2. Commonality: Generally, the commonality requirement is met if at least one common

---

[2] Fed. R. Civ. P. 23(a)(1).

[3] Houlton v. Rothschild, 118 F.R.D. 280, 282 (D. Mass. 1987).

[4] McCuin v. Sec'y of Health & Human Servs., 817 F.2d 161, 167 (1st Cir. 1987).

[5] See, e.g., M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc., 100 F.R.D. 468 (D. Mass. 1984).

question of law or fact exists.[6] Here, questions of fact are whether the 1.8 liter turbo engines in the 479,768 Settlement Class vehicles are prone to the formation of oil sludge or coking deposits when maintained according to the recommended maintenance intervals and oil quality specifications.[7] These issues are common to all members of the Settlement Class.

"'The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class.'"[8] Class members need not share identical claims.[9]

3. Typicality: To satisfy the typicality requirement of Rule 23(a)(3), the claims or defenses of the representative parties must be typical of the claims or defenses of the class.[10] Typicality seeks to insure that there are no conflicts between the class representatives' claims and the claims of the class members and that the "named plaintiffs have incentives that align with those of the absent class members."[11]

The claims of the Settlement Class Representatives arising from the sludge and coking

---

[6] In re Pharm. Indus. Average Wholesale Price Litig., 230 F.R.D. 61, 77–78 (D. Mass. 2005).

[7] Defendants have denied all such allegations.

[8] Stewart v. Abraham, 275 F.3d 220, 227 (3d Cir. 2001) (quoting Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994)).

[9] Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 310 (3d Cir. 1998) (citing Baby Neal, 43 F.3d at 56).

[10] E.g., Georgine v. Amchem Prods., Inc., 83 F3d 610, 631 (3d Cir. 1996) (citing Fed. R. Civ. P. 23).

[11] Baby Neal, 43 F.3d at 57 (citing 3B James W. Moore & John E. Kennedy, Moores Federal Practice 23.06–02 (1993)).

problems of their vehicles are typical of the problems that Plaintiffs allege were, and may yet be, experienced by owners and lessees of other Settlement Class Vehicles. Each Plaintiff claims that his or her vehicle was damaged, or may suffer damages in the future, as a result of the alleged sludge and coking problems.

In the present action, Plaintiffs' claims arise out of the same alleged course of conduct and are based on the same legal theories as those of the absent Settlement Class Members. The Second Amended Complaint [#57] alleges that Plaintiffs and Settlement Class Members sustained the same or similar types of damages. Accordingly, Plaintiffs' interests are "typical" of the Settlement Class and satisfy Rule 23(a)(3).

4. <u>Adequacy</u>: The adequacy requirement "has two parts": the advocates for settlement "must show first that the interests of the representative party will not conflict with the interests of any of the class members and, second, that counsel chosen by the representative party is qualified, experienced, and able to vigorously conduct the proposed litigation."[12] Plaintiffs here meet both prongs.

Plaintiffs have demonstrated through their efforts on behalf of the Settlement Class that they share the Settlement Class's interest in obtaining redress with respect to the claims asserted in this action. Plaintiffs thus have the same interests as the Settlement Class.[13]

This court finds that Co-Lead Counsel are "'qualified, experienced and . . . able to

---

[12] <u>Andrews v. Bechtel Power Corp.</u>, 780 F.2d 124, 130 (1st Cir. 1985) (citing <u>Weiss v. York Hosp.</u>, 745 F.2d 786, 811 (3d Cir. 1984); <u>M. Berenson</u>, 100 F.R.D. at 470).

[13] <u>See</u> <u>Texas v. Organon USA Inc. (In re Remeron End-Payor Antitrust Litig.)</u>, No. 02-2007, No. CIV 04-5126, U.S. Dist. LEXIS 27011, at *26–27 (D.N.J. September 13, 2005).

conduct the . . . litigation.'"[14] Co-Lead Counsel, in consultation with Plaintiffs and the Special

Master, have worked diligently and vigorously to pursue the Settlement Class's claims, as well as

to negotiate and obtain the settlement proposed.  The settlement was the product of extensive,

arm's-length negotiations following extensive proceedings over a four-year period.  Many of

those proceedings were conducted in hearings before the Special Master.  Accordingly, this court

finds that Co-Lead Counsel are qualified and experienced and that they ably represented the Class.

The Requirements of Rule 23(b)(3) Have Been Met for Purposes of Conditional Approval

The Settlement Class is hereby certified for settlement because, in addition to having

satisfied the prerequisites of Rule 23(a), the Class also satisfies the requirements of Rule 23(b)(3),

namely: (1) questions of law and fact common to the Class Members predominate over any

questions affecting only individual members; and (2) the class action is superior to other methods

for the fair and efficient adjudication of this matter.[15]

1.  Predominance Requirement:  In determining whether common questions of law or fact

predominate, this court must determine if the various claims of Plaintiffs are sufficiently cohesive

to justify treating them all in one, single judicial forum.[16]  The Rule 23(b)(3) predominance inquiry

is satisfied "unless it is clear that individual issues will overwhelm the

---

[14] McCoy v. Health Net, Inc., 569 F. Supp. 2d 448, 457 (D.N.J. 2008) (quoting New Directions Treatment Servs. v. City of Reading, 490 F.3d 293, 313 (3d Cir. 2007)).

[15] Mobray v. Waste Mgmt. Holdings, Inc., 189 F.R.D. 194, 196–97 (D. Mass. 1999), aff'd, 208 F.3d 288 (1st Cir. 2000); In re Screws Antitrust Litig., 91 F.R.D. 52, 56 (D. Mass. 1981).

[16] See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 625 (1977).

common questions and render the class action valueless."[17]

The Settlement Class is appropriate in this case because every Settlement Class Vehicle was equipped with the 1.8 liter turbo engine. Individual issues in this case will not overwhelm the common questions of law or fact. If this case went to trial, Plaintiffs would present common evidence regarding the common question of whether the 1.8 liter turbo engines are prone to the formation of oil sludge or coking deposits when maintained according to the recommended maintenance intervals and oil quality specifications. The fact that individual Class Members' damages may vary or that individual Class Members may not recover does not defeat predominance.[18]

2. Superiority Requirement: With respect to the superiority requirement, this court should consider these factors: (a) the interest of members of the class in individually controlling prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action.[19] The Supreme Court has recognized, however, that if a court is "[c]onfronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable

---

[17] In re NASDAQ Mkt.-Makers Antitrust Litig., 169 F.R.D. 493, 517 (S.D.N.Y. 1996) (citing Milberg v. Lawrence Cederhurst Fed. Sav. & Loan Ass'n, 68 F.R.D. 49, 52 (E.D.N.Y. 1975)).

[18] See, e.g., In re Master Key Antitrust Litig., 528 F.2d 5, 12 & n.11 (2d Cir. 1975).

[19] Fed. R. Civ. P. 23(b)(3).

management problems, for the proposal is that there be no trial."[20]

In view of the fact that this court need not deal with intractable management problems presented by trial, the large size of the Class, the complexity of the litigation, the cost of the litigation, and similar issues, the superiority requirement is satisfied. The interests of Class Members in individually controlling the prosecution of separate claims are outweighed by the efficiency of the class mechanism.

Rule 23(a) and Rule 23(b)(d) Findings

1. This court finds that the proposed nationwide Settlement Class meets all of the applicable requirements of Rule 23(a), including numerosity, commonality, typicality, and adequacy of representation, and Rule 23(b)(3), including predominance of common issues and superiority of the class action mechanism for purposes of settlement, and hereby certifies the Settlement Class for settlement purposes only.

2. The primary Class Representatives are: James Craig, Laura Cole-Breit, Scott Ryder, Eric Emanuelson and Margaret Moreau, Matthew Leonetti and Stacy Leonetti, David and Carrie Marks, Marie Montag and Carol Carter; and the secondary Class representatives are Judith Yarkony, Megan Shero, Eugenia Diveroli and Ken Winokur.[21] Based upon this court's familiarity with the claims and the Parties, and the Special Master's recommendations, this court finds that these designated Representatives are appropriate representatives for settlement purposes and are hereby confirmed as such.

3. This court further finds that the following attorneys and their firms fairly and adequately

---

[20] Amchem, 521 U.S. at 620 (internal citation omitted).

[21] See Order [#165].

8

have represented, and continue to represent, the interests of the Settlement Class and hereby

confirms as Co-Lead Class Counsel pursuant to Rule 23(g):

| Peter J. McNulty, Esq. | Kirk D. Tresemer, Esq. | Russell D. Henkin, Esq. |
|---|---|---|
| McNulty Law Firm | Irwin & Boesen, P.C. | Berger & Montague, P.C. |
| 827 Moraga Drive | 4100 Mississippi Avenue | 1622 Locust Street |
| Los Angeles, CA 90049 | Denver, CO 80246 | Philadelphia, PA 19103 |
| Tel. No.: (301) 471-2707 | Tel. No.: (303) 999-9999 | Tel. No.: (215) 875-3000 |

4. This court further rules that if this approval of the Settlement is not finally affirmed on

appeal, if there is an appeal, or if the Settlement is nullified pursuant to the terms of the Settlement

Agreement, the certification of the settlement Class shall be void, and Plaintiffs and Defendants

shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not

limited to the issues related to all claims, defenses and issues under Rule 23.

Notice to Settlement Class Members

This court has considered the publication attached as Exhibit 1 and the mailed notices attached

as Exhibits 9, 13, 17 and 21 to the Agreement, including the forms of notice, as well as the Claim

Forms, attached as Exhibits 10, 14, 18 and 22, and as filed on September 13, 2010. This court finds:

that the form, content, and manner of notice given by the Parties meet the requirements of due process

and Rule 23(c) and (e); that the notice given is the best notice practicable under the circumstances; that

the notice given constitutes sufficient notice to all persons entitled to notice; and that the notice given

satisfies the constitutional requirements of notice. The mailing of the Notices attached as Exhibits 9,

13, 17 and 21 to the Agreement, was completed by December 20, 2010, and the publication of the

Notice attached as Exhibit 1 to the Agreement occurred on or December 27, 2010, in the First Section

of the National Edition of USA Today, and again on January 25, 2011, because of a major snow storm

in parts of the claim area. Copies of the final Notices were presented to this court by January 10, 2011.

9

All costs of disseminating the notices were borne by Defendants, in accordance with the Agreement.

Oil Sludge Settlement Administrator

Pursuant to the Agreement, the Special Master appointed Rust Consulting of Faribault, Minnesota, as the Oil Sludge Settlement Administrator (the "OSSA"). The responsibilities of the OSSA are and shall be governed by the Agreement, including but not limited to the following: (a) mailing and publication of Notice to the Settlement Class; (b) establishing a toll-free telephone number (to be included in the Publication Notice for purposes of communicating with Settlement Class Members); (c) establishing and maintaining a website for purposes of posting Notices, the Claim Forms, the Agreement, and related documents; (d) accepting and maintaining documents from Settlement Class Members, including Claims Forms, Requests for Exclusion, and other documents relating to claims administration; and (e) fairly administering claims for the Reimbursement Fund and other benefits to the Settlement Class.[22]

Request for Exclusion from the Class (Opt-Outs)

Settlement Class Members who wished to be excluded from the Settlement Class were given an opportunity to do so by mailing a written Request for Exclusion to the OSSA, in accordance with the Agreement and postmarked no later than February 3, 2011, clearly stating the following: the name, address and telephone number of the individual or entity who wished to be excluded from the Settlement Class, and all such information as may be required by the Agreement. Thirty-six persons or

---

[22] See Pls.' Notice Filing Oil Sludge Settlement Administrator Updates Aff. & Report Regarding Overall Status March 8, 2011 Reqs. Exclusion & Objections Filed, Ex. 1 [#264] [hereinafter Pls.' Notice Updates] (attaching Decl. Melissa D. Eisert of Rust Consulting, describing Rust's efforts to date).

entities have requested exclusion from the Settlement Class.[23]

Those thirty-six persons or entities who submitted valid Request for Exclusion shall not be bound by the Agreement, or this Final Approval Order and Judgment. Such persons or entities will not be entitled to receive any relief under this Settlement.

Any Settlement Class Member who did not properly and timely mail a Request for Exclusion as set forth above automatically shall be included in the Settlement Class and shall be bound by all the terms and provisions of the Agreement, the Class Settlement, and this Final Approval Order and Judgment, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement. Further, any such Settlement Class Member shall be deemed to have released, and hence will be barred from asserting, any of the matters, claims or causes of action released pursuant to the Agreement, including the Released Claims, and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Agreement.

Proofs of Claim

To effectuate the Agreement and Class Settlement, the OSSA shall be responsible for the receipt of all Requests for Exclusion and Claim Forms. The OSSA Administrator shall preserve (on paper or transferred to electronic format) all Requests for Exclusion, Claim Forms, and any and all other written communications from Settlement Class Members in response to the Notices for a period of three years after this Final Judicial Approval, or pursuant to further order of this court. All written communications received by the OSSA Administrator from Settlement Class Members relating to the

---

[23] See Pls.' Notice Updates, Ex. 1, 5 [#264].

Agreement shall be available at all reasonable times for inspection and copying by Class Counsel and defense counsel, including prior to payments being mailed to each Settlement Class member.

Confidentiality

Any information received by the OSSA in connection with the Class Settlement that pertains to a particular Settlement Class Member or Settlement Class Vehicle, or information submitted in conjunction with a Request for Exclusion (other than the identity of the person or entity requesting exclusion), shall not be disclosed to any person or entity other than Class Counsel, defense counsel and the court, or as otherwise provided in the Agreement.

Final Approval Hearing/Objection to Settlement

This court, having considered the following: (a) the adequacy of the Class Representatives and whether the Settlement Class should be finally certified; (b) the fairness, reasonableness and adequacy of the Class Settlement; (c) the dismissal with prejudice of the Action as to Defendants; (d) whether, and in what amount, Class Counsels' application for attorneys' fees, expenses and compensation for the Class Representatives (the "Fee Petition") should be granted; (e) whether to finally approve the Agreement; and (f) whether this court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by this court approving the Agreement and the Settlement Class should be deemed as a final judgment under Rule 54(b) with respect to all claims by Settlement Class Members against Defendants. Having considered these facts, this court hereby directs the entry of the following Order for Judgment.

FINAL APPROVAL ORDER AND JUDGMENT

Judgment shall enter approving the settlement of these consolidated claims consistent with the Agreement of Settlement dated September 2, 2010, and each and every term and provision of the

Agreement for Settlement shall be deemed incorporated into this Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

It is further Ordered that Defendants shall pay incentive awards, pursuant to Section VI.D of the Agreement of Settlement, to the following Settlement Class Representatives, in the amounts stated here: $10,000 each to primary Representatives James Craig, Laura Cole-Breit, Scott Ryder, Eric Emanuelson and Margaret Moreau, Matthew and Stacy Leonetti, David and Carrie Marks, Marie Montag, and Carol Carter; and $5,000 each to secondary Representatives Judith Yarkony, Megan Shero, Eugenia Diveroli and Ken Winokur.

In the event the Class Settlement is terminated in accordance with the provisions of the Agreement of Settlement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement of Settlement, and without prejudice to the status quo ante rights of Plaintiffs and Defendants.

IT IS SO ORDERED.

  /s/ Joseph L. Tauro
United States District Judge