UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE VOLKSWAGEN AND AUDI
WARRANTY EXTENSION LITIGATION

MDL DOCKET NO. 1:07-md-01790-WGY

THIS DOCUMENT RELATES TO:

ALL CASES

**OPPOSITION OF THOMAS P. SOBRAN TO THE REQUEST OF CLASS CO-COUNSEL, McNULTY AND TRESEMER, FOR RECONSIDERATION AND REMOVAL OF DICTA**

Thomas P. Sobran (hereinafter "Sobran") opposes the *Request Of Class Co-Counsel, McNulty And Tresemer, For Reconsideration And Removal Of Dicta* (docket no. 442)(hereinafter "*Request For Reconsideration*").[1]

As grounds for this opposition, Sobran states as follows:

Class co-counsel Peter J. McNulty (hereinafter "McNulty") and Kirk D. Tresemer (hereinafter "Tresemer") are asking this Court for unsupported and unwarranted extraordinary relief. Messrs. McNulty and Tresemer are asking the Court to reconsider its decision on a previous motion filed on their behalf by class co-counsel Russell D. Henkin entitled "*Motion of Berger & Montague, P.C., Russell D. Henkin, and Edward Millstein for Reconsideration and Modification of Dicta*" (hereinafter "*Modification of Dicta Motion*")(docket no. 433).[2] On March 9, 2015, this Court denied the *Modification of Dicta Motion* to expunge certain language contained in *Memorandum and Order*

---

[1] The *Request For Reconsideration* docketed on March 9, 2015 is too late in time to be an initial motion for reconsideration. The only logical interpretation is that the *Request For Reconsideration* is asking for the court to reconsider its March 4, 2015 electronic order.

[2] The *Modification of Dicta* motion was filed on February 23, 2015 and requested that any language pertaining to McNulty and Tresemer also be removed from the *Memorandum and Order*. The challenged *Memorandum and Order* language is as follows: "It reflects poorly on Class Counsel that their team's internal rancor has so affected these proceedings. Class Counsel's failures in this regard ought militate against their ever again being appointed to serve in such a role."

(docket no. 430) with respect to class co-counsel McNulty and Tresemer. The Court's electronic order (docket no. 439) recites in its entirety:

> Motion allowed in part and denied in part. Upon reflection and in light of the further submissions, the Court withdraws its remark as to Russ Henkin, Esq. and the firm of Berger & Montague. In all other respects the opinion will stand.

In simple terms, McNulty and Tresemer are requesting this Court to reconsider its reconsideration. This Court already denied the relief sought in the *Request For Reconsideration* once. It should do so again particularly in light of the absence of any supporting evidence demonstrating that the reconsideration is warranted.

The "dicta" that the *Request For Reconsideration* asks this Court to remove serves as a clear warning beacon for other judges not to allow Messrs. McNulty and Tresemer to serve as lead counsel or in any leadership capacity in other class actions. Modifying any part of the criticism directed at McNulty and Tresemer will undoubtedly lead to more malevolent conduct if they are allowed to assume positions of authority in other class actions. Although the Court emphatically declined to monetarily sanction class counsel for its conduct in depriving non-class counsel of meaningful participation in this proceeding, it recognized the deplorable conduct that transpired.[3]

The only support offered for removing the criticism in the *Memorandum and Order* directed at McNulty and Tresemer is an extraordinary request that "this Court contact Special Master, Allen van Gestel and/or the Honorable Joseph L. Tauro." Reconsideration is an "extraordinary remedy" granted "very sparingly" in limited circumstances, none of which is present here. To prevail on a motion for reconsideration, Messrs. McNulty and Tresemer must demonstrate concisely the dispositive facts or controlling precedent this Court overlooked or misinterpreted. Reconsideration is appropriate only in those circumstances where "the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on

---

[3] Some of this conduct is discussed in Sobran's previously filed papers including docket nos. 179, 183, 399 and 411. Other non-lead counsel in this proceeding have filed similar materials.

a manifest error of law or was clearly unjust." *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009). "Similarly, a motion for reconsideration can be granted if the court has 'patently misunderstood' a party or made an error 'not of reasoning but of apprehension.'" *In re Nexium Esomeprazole Antitrust Litig.*, No. 12-md-02409-WGY, 2014 U.S. Dist. LEXIS 126954, at *137-138 (D. Mass. Sept. 4, 2014) (quoting *Ruiz Rivera v. Pfizer Pharm.*, LLC , 521 F.3d 76, 82 (1st Cir. 2008)).  As demonstrated by the *Request For Reconsideration* itself, the requisite proof that any of the factors above apply is absent.

## RELIEF REQUESTED

This Court correctly assessed the malevolent conduct of McNulty and Tresemer in this proceeding and the harm that occurred to non-class counsel.  There are no new affidavit facts, documents or any other materials or information accompanying the *Request For Reconsideration* to support any modification to the *Memorandum and Order* with respect to the conduct of McNulty and Tresemer.  Accordingly, this Court should deny the *Request For Reconsideration.*

Thomas P. Sobran,
*Pro se*,

*/s/ Thomas P. Sobran*
Thomas P. Sobran
7 Evergreen Lane
Hingham, MA 02043
(781) 741-6075
BBO #471810
tsobran@sobranlaw.com

## Certificate of Service

I certify that a copy of the above document entitled OPPOSITION OF THOMAS P. SOBRAN TO THE REQUEST OF CLASS CO-COUNSEL, McNULTY AND TRESEMER, FOR RECONSIDERATION AND REMOVAL OF DICTA was docketed through the Electronic Case Filing system on to all identified participants on the Notice of Electronic Filing on March 16, 2015.

*/s/ Thomas P. Sobran*
Thomas P. Sobran